## ZACHARY v. PERRY.

(Filed May 13, 1902.)

1. MECHANIC'S LIEN—*Notice—Contractor.*

   Only the original contractor can file the notice of a mechanic's lien.

2. HUSBAND AND WIFE—*Married Women—Separate Estate—Mechanic's Lien.*

   A draft drawn on a man and his wife by a contractor and accepted by them in writing, with privy examination of the wife, the contractor having agreed to build house on land of wife, does not constitute a charge on the separate estate of the wife.

CLARK, J., dissenting.

ACTION by Zachary & Zachary against D. R. Perry and Kate D. Perry, his wife, heard by Judge *H. R. Starbuck,* at April Term, 1901, of the Superior Court of WAYNE County.

This case was brought by appeal from the Court of a Justice of the Peace to the Superior Court of Wayne County, and was heard upon the following agreed facts:

"1. That at the times hereinafter mentioned, the defendant Katie D. Perry was a married woman, and was not a free trader.

"2. That on the 10th day of October, 1898, the defendants, D. R. Perry and Katie D. Perry, signed and delivered to one J. W. Robinson the paper-writing hereto annexed and made part of this statement, marked "A," which paper-writing was afterwards registered in Wayne County. This admission is made subject to the objection that said paper is not admissible in evidence on account of alleged defective probate and registration.

"3. That the house referred to in said paper-writing was to be erected upon the lands of said Katie D. Perry.

"4. That on the 16th day of November, 1898, the said J.

W. Robinson was indebted to the plaintiffs in the sum of $84.98, and on that date he executed and delivered to the plaintiffs paper-writing hereto annexed and made part of this statement, marked 'B,' which paper-writing was registered in Wayne County.

"5. That on said paper-writing is written, 'Accepted and payable on the 17th day of December, 1898,' which indorsement was signed by the defendants, D. R. Perry and Katie D. Perry.

"6. That on the 8th day of March, 1899, the plaintiffs filed in the office of the Clerk of the Superior Court of Wayne County, for the purpose of establishing a lien, paper-writing hereto annexed and made a part of this statement, marked 'C,' which paper-writing was filed within twelve months from the time the said Robinson completed the work that he did on said house.

"7. That the materials furnished by the plaintiff were used by the said Robinson in the construction of the building referred to in paper-writing marked 'A,' upon the land of the defendant Katie D. Perry.

"8. That no part of said sum of $84.98 has been paid to the plaintiffs; that at the time paper marked 'A' was executed, defendants owed to Robinson $84.98 under their contract with him; that after said paper marked 'A' had been delivered to plaintiffs, said Robinson abandoned his contract with the defendants, and on account of his breach of contract there would be nothing due by the defendants to Robinson. This admission is made by the defendants without admitting or intending to admit any liability, personal or otherwise, upon the part of the *feme* defendant."

There was a judgment for defendants, and plaintiffs appealed.

*Douglass & Simms,* for the plaintiffs.
*Allen & Dortch,* for the defendants.

MONTGOMERY, J., after stating the case. The attempt to file notice of a lien by Zachary & Zachary against the property of the *feme* defendant must fail of its purpose. Only Robinson, the original contractor, could file the notice of lien, and then only after he had completed the work and completed his contract, and within the time provided by law. But he abandoned his contract, and therefore himself could file no lien. The acceptance by the defendants of the draft drawn by Zachary & Zachary is as follows:

"$84.98.        MOUNT OLIVE, N. C., Nov. 16, 1898.

"Mr. D. Perry and wife K. D. Perry will please pay to Zachary & Zachary the sum of eighty-four and ninety-eight one-hundredth dollars, and charge the same to my account as a payment on the contract price for building a dwelling-house about two miles north of the town of Mount Olive, N. C."

Probate of the paper and acceptance was had as to both, and the private examination of the *feme* defendant was taken. The paper (draft) contains no express charge upon the land mentioned in it, nor can it be considered as a lien by way of mortgage, and is therefore not effectual to bind the real estate of the *feme* defendant. *Farthing v. Shields,* 106 N. C., 289 ; *Loan Association v. Black,* 119 N. C., 323.
    Affirmed.

CLARK, J., dissenting. The *feme* defendant contracted for the erection of a building on her land, in writing, with written assent of her husband and privy examination duly taken. Subsequently, she accepted an order drawn by the contractor upon her, the acceptance being in writing, with written assent of her husband and privy examination. If this constitutes a valid, binding obligation upon the *feme covert* for the betterments on her land, then a mechanic's lien can be filed to secure it. If, with all these formalities, a mar-

ried woman can not get work done or obtain credit, no one dare trust her or do work for her, and she is a pariah as to all business transactions.

It is true we are referred to *Flaum v. Wallace,* 103 N. C., 296, for the doctrine that there must be a "charge in equity" (whatever that may be) on the *feme covert's* land, but with the utmost and most diligent research, both bench and bar have been unable to discover any statute or previous decision which requires such "charge," and this Court has distinctly repudiated that doctrine. *Brinkley v. Ballance,* 126 N. C., at page 396.

The statute enacted by the proper law-making authority, Code, Sec. 1826, provides that a married woman can make a contract affecting her real estate "with the written assent of her husband." The plaintiff certainly ought to have the benefit of the law of the land. Several recent statutes show that such is still the mind of the law-making power, such as the statute allowing the statutes of limitations to run against a married woman, allowing her to vote her stock in corporations, and the recent act providing that a married woman is liable for improvements put upon her property, even when she makes no contract, but merely stands by and sees the work done without exception. Independent of the statute, the Constitution gives a married woman the same control over her property "as if she remains single," and responsibility always goes with the power to control.