INDEPENDENCE TRUST COMPANY ET AL. v. PORTER & BOYD, INC., ET AL.

(Filed 28 April, 1926.)

1. **Roads and Highways—State Highway Commission, Principal and Surety —Materialmen—Labor—Assignment of Claims—Contracts.**

Where under the written terms of a bond given by a contractor for the building of a road project to the State Highway Commission, the surety is obligated to pay for the labor on and the materials furnished therefor, the assignment of the moneys due or to become due the contractor under his contract advanced for the purpose stated is valid, and upon compliance with the statute as to notice, etc., the assignee may recover out of the moneys withheld by the State Highway Commission and due the contractor paid over, under bond for its repayment, to the surety on the bond.

2. **Roads and Highways—State Highway Commission—Labor—Materialmen—Principal and Surety—Assignment of Claim.**

The contractor for the building of a state highway gave bond to the State Highway Commission conditioned, among other things, for the payment for the labor and the material used in the project: *Held,* an assignment by the contractor of moneys due or to become due him under the contract to one furnishing money for the payment of such labor and material, was contemplated by the bond and included in the liability of the surety thereon.

APPEAL by defendant, Massachusetts Bonding and Insurance Company, from *Shaw, J.,* at January Special Term, 1926, of MECKLENBURG.

Civil action to recover on two bonds—one given for funds assigned the plaintiffs by Porter & Boyd, Inc., road contractor, and turned over to the surety on the contractor's bond by the State Highway Commission, and the other to secure the faithful performance of a road-building contract and to protect materialmen and laborers, the latter having assigned their claims to the plaintiffs.

From a judgment overruling a demurrer interposed by the Massachusetts Bonding and Insurance Company, the said defendant appeals.

*Stewart, McRae & Bobbitt for plaintiffs.*
*J. F. Flowers for defendant Bonding Company.*

STACY, C. J.  There are two causes of action stated in the complaint, hence two distinct questions are raised by the demurrer.

First, it is alleged that Porter & Boyd, Inc., road contractor, is indebted to the plaintiffs in the sum of $37,398.51, with interest, for moneys advanced or loaned on written assignments made by the said contractor to the plaintiffs for all deferred payments, retained percentages and all other moneys due or to become due under a contract with the State Highway Commission for the construction of a section of road in Person County, known as Project No. 463; that plaintiffs duly filed with the State Highway Commission notice of their claims as required by law, and also notified the Massachusetts Bonding and Insurance Company, surety on the bond of the said Porter & Boyd, Inc.; that the work was satisfactorily completed by the contractor according to the terms of its contract; that the State Highway Commission had on hand, at the time of the completion of the work, a balance of approximately $20,000 due the contractor under said contract, which amount was turned over to the Massachusetts Bonding and Insurance Company, under a bond given for its return in case the plaintiffs were adjudged to be entitled to said funds by virtue of their assignments; and that the State Highway Commission has agreed to submit to the jurisdiction of the court in this action, in order that the rights of all the parties may be judicially determined.

Upon these the facts chiefly pertinent, we think the demurrer as it relates to the first cause of action was properly overruled.

By written assignments, duly executed, all moneys due and to become due under the contract between Porter & Boyd, Inc., and the State Highway Commission, for the building of Project No. 463, including the retained percentages, etc., were all transferred to the plaintiffs. *Trust Co. v. Construction Co., ante,* 664.  There being no question as to the validity of these assignments, it would seem that the plaintiffs, as against a demurrer, should be held to be entitled to the balance due the

43—191

contractor by the State Highway Commission upon the satisfactory completion of the work. *Hall v. Terra Cotta Co.,* 97 Kan., 103, Ann. Cas., 1918 D, 605, and note.

The liability of the Massachusetts Bonding and Insurance Company is on the bond given by it to the State Highway Commission to save it harmless or to insure the return of the funds due the contractor on Project No. 463, in case the plaintiffs should be adjudged entitled to said funds. This is the only bond declared upon in the first cause of action.

Second, it is alleged that the contractor, Porter & Boyd, Inc., gave to the State Highway Commission, as required by law, a bond in the penal sum of $148,710.00 with the Massachusetts Bonding and Insurance Company, as surety thereon, for the faithful performance of its contract in building the aforesaid road, and to insure the payment of all laborers and materialmen doing work on, or furnishing material for, said road construction; that the plaintiffs, in order to keep the contractor supplied with labor and materials for the work, advanced the sum of $11,069.65 to pay the laborers and took from them assignments of their claims against the contractor; that the balance now due on said assignments, and for which the bond of the Massachusetts Bonding and Insurance Company is liable, amounts to $8,693.10; and that proper notice of said claims has been duly filed with the State Highway Commission.

On these the facts chiefly relevant, we think the demurrer as it relates to the second cause of action was properly overruled. Undoubtedly, the laborers, had they not assigned their claims, would have been entitled to maintain an action on said bond, and we think it must be held, in keeping with the general trend of authorities on the subject, that the claims of laborers and materialmen may be assigned without losing the protection of the bond given and intended for their benefit. *Title Guaranty & T. Co. v. Crane,* 219 U. S., 24; *Bank v. Casualty Co.,* 93 Wash., 635, Ann. Cas., 1918 D, 645.

Here, the bond in suit was intended to perform a double purpose: 1. To insure the faithful performance of all obligations assumed by the contractor towards the State Highway Commission. 2. To protect third persons furnishing materials or performing labor in and about the construction of said roadway. *Plyler v. Elliott, ante,* 54; *Town of Cornelius v. Lampton,* 189 N. C., 714. In its second aspect, the bond contains an agreement between the obligors and such third persons that they shall be paid for whatever labor or materials they furnish or supply to enable the principal in the bond to carry out its contract with the State Highway Commission. *U. S. v. National Surety Co.,* 92 Fed., 549.

The general rule is that the assignment of a debt carries with it the security. 2 R. C. L., 633. The application of this general principle to such cases as the present obviously accords with the purpose of the bond. *U. S. v. Rundle,* 100 Fed., 400.

Affirmed.