HORNE-WILSON, INCORPORATED (FORMERLY MOTT SOUTHERN COMPANY),
    v. WIGGINS BROTHERS, INCORPORATED, G. T. CARSWELL, TRUSTEE,
    T. D. KELLY, AND FIDELITY AND DEPOSIT COMPANY OF MARY-
    LAND.

(Filed 15 June, 1932.)

1. **Assignments A a—Statutory lien of laborer or materialman is assign-
    able.**

    The statutory lien of a laborer or materialman under the provisions of
    C. S., 2440, is assignable as in case of ordinary business contracts, C. S.,
    446, and where the debt has been assigned it establishes the relation of
    debtor and creditor between the owner of the building and the assignee
    of the debt, and the assignment of the debt carries with it the security
    therefor, and the assignee may enforce the statutory lien in an action
    brought in his own name.

2. **Mortgages H l—Complaint not alleging that notice of lien was given
    trustee prior to disbursement does not state cause against him.**

    In an action to enforce the statutory lien of a materialman on property
    which had been sold under a deed of trust executed prior to the date on
    which the materialman had begun furnishing material, the complaint
    states no cause of action against the trustee in the deed of trust when
    there is no allegation that notice of the claim of lien had been given
    the trustee prior to the disbursement of the proceeds of the sale.

3. **Laborer's and Materialmen's lien D a—Laborer's lien relates back to
    commencement of work and is superior to liens created thereafter.**

    The notice given the owner of a building for material furnished there-
    for and labor done thereon is alone sufficient for the creation of the
    statutory lien, and when the lien has been perfected under the statutory
    provisions the lien relates back to the time of the beginning of the
    furnishing the material or doing the work upon the building, and is
    superior to the lien or a mortgage executed thereafter.

4. **Laborers' and Materialmen's Liens D c—Independent action on lien
    will lie to reach surplus after foreclosure of prior mortgage.**

    The assignee of a valid laborer's or materialman's lien on property
    which has been sold under a superior lien of a deed of trust thereon may
    in his own name bring an independent action to reach the surplus pro-
    ceeds brought by the sale under the mortgage.

CIVIL ACTION, before *Finley, J.,* at February Term, 1932, of MECK-
LENBURG.

The plaintiff alleged that T. D. Kelly was the owner of certain real
estate, and that on 24 October, 1928, he executed and delivered to G. T.
Carswell, trustee, a certain deed of trust securing a note for $3,000,
payable to Wiggins Brothers. Thereafter the said Kelly, owner of said
lands, duly made a contract with H. B. Carrigan to furnish certain labor
and materials for improvements upon said property for the fixed sum of

$1,400. Carrigan began work and furnishing materials on 24 November, 1928. The last work and materials were furnished and performed during the month of January, 1929. After Carrigan had begun work and furnishing materials to the project, to wit, 26 December, 1928, Kelly, the owner, executed and delivered a second deed of trust to said Carswell, trustee, to secure a note of $1,250 due Wiggins Brothers. Thereafter, in June, 1929, Carswell, trustee, sold the property under the first deed of trust and T. J. Wiggins became the purchaser thereof for the sum of $4,520. After paying the expenses of sale and the note secured by the first deed of trust, it is alleged that there remained in the hands of the trustee, Carswell, the sum of $1,384.20. It was further alleged that the said trustee, after requiring an indemnity bond executed by the Fidelity and Deposit Company of Maryland, paid the said Wiggins Brothers the surplus of $1,384.20. It was further alleged that the defendant, Wiggins Brothers, at the time of obtaining the said sum of $1,384.20 to be credited upon the second deed of trust, represented to the trustee that the said second deed of trust was "prior and superior to the claim of plaintiff, and that the said deed of trust had been executed and duly filed prior to the doing of the work or the furnishing of materials mentioned in the aforesaid judgment and complaint." The plaintiff instituted an action entitled Mott Southern Company and H. B. Carrigan *v.* T. D. Kelly to recover the sum of $1,400 for labor and materials furnished upon the property of said Kelly, and thereafter on 20 September, 1929, a judgment was duly entered by the clerk of the Superior Court of Mecklenburg County decreeing that the plaintiffs had a lien upon the property of said Kelly for the sum of $1,400 "effective on and from 28 November, 1928." The judgment of the clerk was attached as an exhibit to the complaint. Thereafter on 7 January, 1932, the plaintiff by motion and order duly made the Fidelity and Deposit Company of Maryland a party to this suit.

The defendants demurred to the complaint upon the ground that as it appeared that materials and labor for the project had been furnished by Carrigan "that the alleged claim of lien is personal to said H. B. Carrigan and is statutory and is not the subject of assignment, and that said plaintiff has not legal capacity to institute said action." The defendant further demurred upon the ground of misjoinder of parties and causes of action asserting that the Fidelity and Deposit Company of Maryland was an unnecessary and improper party, and also upon the ground that the cause of action attempted to be set up against said Deposit Company of Maryland was not connected with any cause of action alleged against the other defendants.

At the hearing, the plaintiff took a voluntary nonsuit as to the Fidelity and Deposit Company of Maryland, and thereupon the trial judge overruled the demurrers of the other defendants, from which judgment said defendants appealed to the Supreme Court.

*C. H. Gover and William T. Covington, Jr., for plaintiff.*
*H. L. Taylor and J. W. Shannonhouse for defendants, other than T. D. Kelly.*

BROGDEN, J. 1. Can the assignee of a valid claim of a laborer and materialman file, perfect and enforce a lien upon the land upon which said labor and material was performed and furnished?

2. Does the complaint state a cause of action against the trustee in the deed of trust and the purchaser at the sale thereunder?

C. S., 2440, provides that any laborer or materialman may furnish to the owner "an itemized statement of amount owing to such laborer . . . and any person may furnish to such owner . . . an itemized statement of the amount due him for materials furnished for such purposes. Upon the delivery of such notice to such owner or his agent the person giving such notice is entitled to all the liens and benefits conferred by law," etc. C. S., 2441, provides that all sums due to a laborer or materialman, "as shown in the itemized statement rendered to the owner, shall be a lien on the building . . . without any lien being filed before a justice of the peace or the Superior Court."

In the case at bar the complaint and the exhibit declares that Carrigan, the materialman had an entire contract for the fixed sum of $1,400 for work and labor, and that "said claim was duly assigned to the plaintiff." The demurrer, of course, admits this allegation, but challenges the legal sufficiency of the assignment upon the ground that only Carrigan, the materialman, could perfect the lien upon the premises, as the lien was personal to the laborer or materialman and could not be perfected or enforced by his assignee.

The general trend and policy of the law, as interpreted and pronounced in this State, has recognized and sanctioned the assignments of all ordinary business contracts. The legislative sanction for such assignments is contained in C. S., 446. Commenting upon said statute, McIntosh, North Carolina Practice & Procedure, p. 199, says: "As a general rule, all ordinary business contracts are assignable, and actions for the breach may be in the name of the assignee, unless such assignment is prohibited by law, or would be in contravention of some principle of public policy, or the performance of the contract involved the element of personal skill or credit. The general test of assignability has been given, as to whether the claim would survive to or against the personal

representative of the decedent." *Casket Co. v. Wheeler,* 182 N. C., 459, 109 S. E., 378. Manifestly, the contract between Carrigan and Kelly or the valid claim that Carrigan held against Kelly for labor and material was assignable, and by virtue thereof, the relationship of debtor and creditor was established between the plaintiff and Kelly. The recent decisions of this Court interpret a lien for labor and material as a sort of statutory security for the payment of a debt. Thus in *Trust Co. v. Porter,* 191 N. C., 672, 132 S. E., 806, the Court said: "The general rule is that the assignment of a debt carries with it the security." That case was dealing with rights of the assignee of the claims of laborers and materialmen to recover upon a surety bond. The Court said: "Undoubtedly, the laborers, had they not assigned their claims, would have been entitled to maintain an action on said bond, and we think it must be held, in keeping with the general trend of authorities on the subject, that the claims of laborers and materialmen may be assigned without losing the protection of the bond given and intended for their benefit." In like manner a statutory lien is designed and intended for the benefit of laborers and materialmen, and hence it is hardly conceivable that the law would penalize the right of assignment by withdrawing the security and protection set up and established for the payment of the debt so assigned.

The defendants rely upon *Zachary v. Perry,* 130 N. C., 289, 41 S. E., 533. The Court said: "Only Robinson, the original contractor, could file the notice of lien, and then only after he had completed the work and completed his contract, and within the time provided by law. But he abandoned his contract, and therefore himself could file no lien." In arriving at the meaning of the *Zachary case* it must be observed that it involved transactions occurring prior to the enactment of the statute authorizing the filing of liens upon the property of a married woman. The point in the case is that the acceptance of the order by the *feme covert* did not bind her land, and hence no lien could be asserted or enforced. Consequently, as the married woman had contracted no valid debt, the lien was not available. Moreover, the intimation that the lien was wholly and exclusively personal to the contractor, was not pertinent to the proposition of law upon which the decision rested.

The decision in *Trust Co. v. Porter, supra,* to the effect that a lien is security for a debt, and that the assignment thereof carries the security with it, is supported by the overwhelming weight of authority in other jurisdictions, notably: Minnesota, Michigan, South Dakota, New Jersey and Massachusetts. See *Kinney v. Duluth Ore Co.,* 60 N. W., 23; *Sanduskey Grain Co. v. Borden Condensed Milk Co.,* 183 N. W., 218; *Hill v. Alliance Building Co.,* 60 N. W., 752; *West Jersey Homopathic*

*Hospital v. Gibbs,* 143 Atl., 316; *Wiley v. Connelly,* 60 N. E., 784. The contrary view is asserted by the Nebraska Court in *Noll v. Kennedy,* 56 N. W., 722, and *West v. Detroit Fidelity & Surety Co.,* 225 N. W., 673. It is to be observed, however, that in Nebraska the statute requires the claimant to file his claim in the office of the register of deeds and until and unless this is done the "right to a lien is lost." Our statute confers the lien immediately upon the filing of notice of claim with the owner. Hence the difference in statutory regulation perhaps explains the divergence of judicial ruling.

Manifestly, no cause of action is stated in the complaint against Carswell, trustee. There is no allegation in the complaint that notice was given to him before the fund was disbursed. *Norman v. Hallsey,* 132 N. C., 6, 43 S. E., 473; *Harris v. Cheshire,* 189 N. C., 219, 126 S. E., 593. However, a cause of action is stated against the defendant, Wiggins Brothers, Incorporated. Carrigan began furnishing labor and material before the second deed of trust was registered. Therefore, when his assignee, in apt time, duly filed a lien, as the court says, the "lien relates back to the time the work was commenced or the materials were furnished and does not impair or affect encumbrances existing prior to that time, but only those subsequently created." *Burr v. Maultsby,* 99 N. C., 263; *McAdams v. Trust Co.,* 167 N. C., 494, 83 S. E., 623; *Harris v. Cheshire,* 189 N. C., 219, 126 S. E., 593. Consequently the plaintiff under approved principles of procedure was entitled to bring an independent action in the Superior Court to reach the surplus proceeds arising from the sale of property under power contained in the first deed of trust. *Skinner v. Coward,* 197 N. C., 466, 149 S. E., 682.

The other questions raised by the demurrer are not sustained, and the judgment as rendered is

Affirmed.