[No. 30374. Department One. April 1, 1948.]

ALBERT ZULAUF et al., *Respondents*, v. J. E. CARTON
et al., *Appellants*.[1]

*Padden & Moriarty* and *Ivan Merrick, Jr.*, for appellants.
*Lloyd Holtz*, for respondents.

MILLARD, J.—This action was brought by plaintiffs for reformation of a deed by which certain real property was conveyed by defendants to Albert Zulauf and wife. The trial of the cause to the court resulted in entry of decree reforming the deed. Motion of defendants to reopen the cause for the purpose of receiving evidence of and for defendants was denied. Defendants appealed.

The facts—appellants were not present at the trial and no witness testified in their behalf—are summarized as follows: A. D. Conley, a real-estate broker representing appellants J. E. Carton and wife, sold to Albert Zulauf

[1]Reported in 192 P. (2d) 328.

and wife, improved real estate in King county, commonly known as 440 east 110th street, north of Seattle. The earnest-money receipt, executed November 13, 1944, describes the property as "property to Base of driveway Rockery—from Road to Creek. Approx. 50 x 150 more or less." This earnest-money receipt was made out by broker Conley and signed by grantors Carton and grantees Zulauf. The real-estate broker informed Mr. Zulauf and wife that the west line of the property in question was the base of the rockery. Mr. Zulauf testified that Mr. Carton pointed out the rockery and informed the former that that was the west property line of the property he was selling to Mr. Zulauf. Mrs. Zulauf testified that the broker showed her the driveway, told her the garage went with the house, and that the edge of the rockery was the line on the west side of the property. The real-estate broker testified that Mr. Carton informed him that the property included the garage, and that the line went over to the rockery. The broker corroborated the testimony of Mr. and Mrs. Zulauf.

On the earnest-money receipt is a rough sketch of the property, from which it appears that, included within the property purchased by Mr. Zulauf is the garage, and that the property line is as contended by Mr. and Mrs. Zulauf. The deed executed February 26, 1945, by J. E. Carton and wife, is alleged by respondents to be defective, in that it does not accurately describe all of the premises intended to be conveyed.

When the claim of Mr. Zulauf to the additional area was challenged, a survey was made of the property, on which survey the trial court based its decree reforming the deed to include the area claimed by respondents.

Albert Zulauf and wife made a contract to sell the property involved in this action to Robert J. Brittain and wife, who joined in the complaint as parties plaintiff.

The cause came on for trial, May 26, 1947, at which time counsel for appellants moved for a continuance on the ground that Mr. Carton was absent in Los Angeles on urgent personal business, but that he intended, at the time he departed, to return and testify in the action. The trial

court directed continuance to June 6, 1947, subject to payment, within twenty-four hours, by appellants, of seventy-five dollars and taxable costs. Appellants' attorneys were not able to get into communication with Mr. Carton, or to raise the seventy-five dollars and taxable costs for him, and the cause proceeded to trial, May 27, 1947, respondents being represented in person and by their attorney. Appellants were absent and no witness testified in their behalf. The motion of appellants to reopen the cause, for the purpose of taking the testimony of appellants, was denied. The motion was based upon the affidavit of appellant, J. E. Carton, which is summarized as follows:

Carton, in addition to his regular occupation as the owner of a landscape gardening and nursery business, is business manager of an orchestra which opened an engagement in Hollywood, California, commencing May 24, 1947, and, because of the immaturity of his performers, it was necessary that he be present with them through the opening night. Carton departed with the orchestra for California, after consulting with his attorneys on or about May 15, 1947. When he requested his attorneys to obtain for him a continuance because of the necessity of his trip to California, his attorneys informed him that counsel for respondents were willing to grant a short continuance, but that, as Mr. and Mrs. Zulauf were in the process of selling the property and would stand to lose financially as the result of any further delay, a legal continuance could not be granted to appellants. Carton was advised by his counsel that he should return for the trial if it was physically possible for him to do so. Carton hoped to so arrange his affairs that he could fly from California immediately after arranging for the opening performances of his orchestra, May 24, 1947, to be present to testify at the trial, May 26, 1947. It was impossible for Carton to obtain any airplane reservations, so he drove from Los Angeles as soon as this fact was determined, driving continuously, and returned to Seattle the evening of May 27, 1947, the date the trial was concluded. He did not receive the telegrams from his attorneys advis-

ing that the cause could be continued provided the costs were paid immediately.

Carton's testimony is vital to the defense of the action, and he believes that, if he is permitted to testify and properly explain his position to the court, the judgment of the court would be in favor of appellants. Mr. Carton would testify that Mr. Zulauf measured the front, or southerly, boundary of the premises conveyed to Mr. Zulauf, who was informed Mr. Carton would not sell any part of the driveway adjacent to the house property, and that Mr. Zulauf accepted the premises with the easterly side of the driveway as the westerly boundary of the property. Further averments of Carton, if believed by the trial court to be true, are material and may be accepted as a meritorious defense to the action.

■ The rule respecting the reopening of a cause for additional evidence is based on the same reasoning as the rule concerning the granting of continuances. The matter rests in the discretion of the court, but the exercise of that discretion is subject to review.

■ An affidavit for reopening of a cause because of the absence of a party, where it alleges facts showing the absence was unavoidable, that the presence of the party was necessary, and that he has a meritorious defense, is a sufficient showing upon which to grant the motion to reopen the cause.

In *Strom v. Toklas,* 78 Wash. 223, 138 Pac. 880, the trial of the cause was set, January 10, 1913, for trial on February 10, 1913. One of the defendants was required to depart from this state for reasons of health on February 1st. On February 7th, prior to the trial, defendants moved for continuance. The court refused to grant the continuance. We reversed the judgment and said:

"It is true, as argued by the respondent, that the granting or denying of an application for a continuance rests in the sound discretion of the trial court. It is not to be overlooked, however, that, where an application is made for a continuance on the ground of the absence of a party to an action who is also a material witness in the trial of the cause, the application stands upon a different footing

from an application based upon the absence of witnesses who are not parties. The cases cited support this view. As the court remarked in *Jaffe v. Lilienthal,* it seldom happens that a trial can be properly had in the absence of the parties to the action, where the case is to be tried upon oral testimony. It cannot be doubted that it is the right of the parties to the action to be present at the trial of their case. As the California court observed, this right may of course be waived, and should be held to be waived where the absence of the party is voluntary and under circumstances 'which ought not to induce a reasonable man having a due regard for the rights and interests of others and of the public . . . to absent himself.' The object of all litigation is to do justice between the parties."

■ The trial court recognized the necessity for a continuance when it directed a continuance from May 26, 1947, to June 6, 1947, subject to the payment of certain costs, which counsel for appellants could not pay. In not reopening the cause for the purpose of taking additional testimony of and for appellants, the trial court erred.

The judgment of the court is reversed and the cause remanded, with direction to grant the motion of appellants.

MALLERY, C. J., SIMPSON, and HILL, JJ., concur.

SCHWELLENBACH, J. (dissenting)—Had the trial court refused to grant a continuance, prior to the trial, then, under the facts of this case, its refusal to reopen the cause for the purpose of taking additional testimony would have been an abuse of discretion. However, here, the motion for a continuance was not made until May 26, 1947, the day of trial, although Carton had departed with the orchestra for California, after consulting with his attorneys, on or about May 15, 1947. Upon the motion being made, the trial court directed continuance to June 6, 1947, subject to payment, within twenty-four hours, by appellants, of seventy-five dollars and taxable costs. This continued the matter for twenty-four hours and the cause proceeded to trial on May 27, 1947.

Rem. Rev. Stat., § 322 [P.P.C. § 21-1], provides:

"A motion to continue a trial on the ground of the absence of evidence shall only be made upon affidavit showing the

materiality of the evidence expected to be obtained, and that due diligence has been used to procure it, and also the name and residence of the witness or witnesses. The court may also require the moving party to state, upon affidavit, the evidence which he expects to obtain; and if the adverse party admit that such evidence would be given, and that it be considered as actually given on the trial, or offered and overruled as improper, the trial shall not be continued. *The court, upon its allowance of the motion, may impose terms or conditions upon the moving party.*" (Italics mine.)

The trial court having exercised its discretion in granting a continuance, contingent upon the payment of seventy-five dollars and costs, and this reasonable contingency not having been taken advantage of by appellants, I fail to see where the trial court abused its discretion in refusing to reopen the cause for the purpose of taking additional testimony.