[No. 34815.   Department Two.   April 16, 1959.]

HAZEL ROCHESTER, *as Executrix, Appellant*, v. EDWARD
TULP *et al., Respondents*.[1]

*Dwyer, Mijich & Guterson*, for appellant.

*Zundel, Merges, Brain & Isaac*, for respondents.

HILL, J.—The issue presented is whether the trial court abused its discretion in refusing to reopen the case for further evidence.

Mrs. Mable Maye Kimball died on September 25, 1953, in California. At the time of her death the defendants, Edward and Karol Tulp, were staying at her home in Los Angeles. Mrs. Amelia Norris, the other defendant, is Mrs.

[1]Reported in 337 P. (2d) 1062.

Tulp's mother and a sister-in-law of the deceased. Mrs. Norris joined the Tulps in Los Angeles shortly after Mrs. Kimball's death.

The plaintiff, Hazel Rochester, is the deceased's daughter and executrix of her estate. She brought this action in the superior court of the state of Washington for King county, seeking damages for the conversion of numerous articles of personal property alleged to have been taken by the Tulps and Mrs. Norris from the deceased's home within a week after the death. The Tulps were served by publication; an order of default was entered against them, which was vacated when it was established that they were not residents of Washington at the time of service. There has been no appeal from the order vacating the order of default.

The trial court found that the removal of property from the deceased's home in Los Angeles constituted a conversion, and that Mrs. Norris had participated therein; but it concluded that the action was barred by the statute of limitation, and entered an order of dismissal.

The actual date of the conversion is the factual issue with which we are concerned.

It is conceded that the applicable statute of limitations is RCW 4.16.080, the three-year statute. The plaintiff's complaint was filed on October 1, 1956, which was a Monday. Under RCW 4.28.005, which gives the rule for computation of time, this complaint could justify relief for any conversion occurring on September 30, 1953, or thereafter. The trial court found, however, that the conversion had taken place on September 29, 1953, and that plaintiff's complaint was one day late.

That finding was based upon the testimony of Mrs. Norris that the property in issue was removed by a trucking company on September 29, 1953, and taken to her home in Seattle and the greater part of it later distributed to the Tulps (who are now said to be in South America).

The testimony of Beatrice Stuart had been that she had seen some of this property in the decedent's home on September 30, 1953. The plaintiff could shed no light on the exact date of the conversion; she had seen the property in

the house on September 27, 1953, and had not returned there again until October 2, 1953, when all of the property was gone.

At the conclusion of the trial on November 29, 1957, the trial judge indicated that the case would be dismissed on the basis of the statute of limitations.

On January 17, 1958, the plaintiff moved to reopen on the grounds that records of the trucking company, which would be introduced as business records, would show that the shipment of the property in issue was actually made on October 1, 1953. Copies of the bill of lading and inventory were offered and, by deposition, the trucking company's dispatcher identified these documents and described their preparation. It is not questioned that they could be introduced into evidence under the "Business records as evidence" act (RCW 5.45.020). The motion to reopen was denied; however, findings of fact and conclusions of law were then made, and judgment for the defendant, Mrs. Norris, was entered thereon.

In describing the preparation of these documents, the dispatcher testified that

"Immediately upon receipt of an order, the bill of lading is prepared showing the requested date of pick-up at point of origin, shipper's name and address, destination of shipment, special instructions and any other pertinent information. (Plaintiff's 1). Driver gives the original to the shipper at time of pick-up. The inventory is prepared by the driver at the place of pick-up on the date of pick-up and the original is given to the shipper at the time of pick-up. (Plaintiff's 2)."

The bill of lading shows the date of issue to be October 1, 1953, and the date of pick-up to be the same. Mrs. Norris was listed as the shipper, although Edward Tulp signed for her. The inventory also bears the date of October 1, 1953.

These offered records are documentary evidence which contradict the trial court's finding that the conversion occurred on September 29, 1953; which evidence, unless impeached in some manner, would dictate a completely different disposition of the case.

■ The reopening of a cause for additional evidence rests within the discretion of the court, but the exercise of that discretion is subject to review. *Zulauf v. Carton* (1948), 30 Wn. (2d) 425, 192 P. (2d) 328.

■ This situation presents a stronger case for reopening than was made in *Zulauf v. Carton, supra.* Here we find a defendant about to prevail on the basis of her own testimony, which is demonstrated to be false by the business records of a disinterested party (unless those records can be shown to be in error). The evidence sought to be introduced would seem to dispose, in this case, of the artificial bar (the statute of limitations) which blocked what otherwise would have been a meritorious cause of action. The statute of limitations, although not an unconscionable defense, is not such a meritorious defense that either the law or the facts should be strained in aid of it. *Wickwire v. Reard* (1951), 37 Wn. (2d) 748, 226 P. (2d) 192, 23 A. L. R. (2d) 1323.

■ We can see only one justification for a refusal to reopen the case for such apparently decisive evidence, and that is the feeling that there had been a lack of diligence in failing to produce evidence which was at all times readily available. We feel that, under the circumstances disclosed, the plaintiff's counsel were not at fault in relying upon the statements of California counsel that the trucking company records, kept in Los Angeles, were not available. Under the circumstances here presented, the trial court abused its discretion in refusing to reopen this case for the reception of the additional evidence, which would seem to make it possible to dispose of this case on its merits.

The judgment of dismissal is set aside, and the cause remanded for further proceedings consistent with this opinion.

WEAVER, C. J., FINLEY, ROSELLINI, and FOSTER, JJ., concur.

June 11, 1959. Petition for rehearing denied.