SAFETY MUTUAL CASUALTY CORPORATION AND NEW JERSEY MANUFAC-TURERS INSURANCE COMPANY v. SPEARS, BARNES, BAKER, WAINIO, BROWN & WHALEY, A GENERAL PARTNERSHIP, FORMERLY KNOWN AS SPEARS, BARNES, BAKER, HOOF & WAINIO, ALEXANDER H. BARNES, MARSHALL T. SPEARS, ROBERT F. BAKER, JOHN C. WAINIO, CRAIG B. BROWN, GARY M. WHALEY, AND J. BRUCE HOOF, INDIVIDUALLY AND AS GENERAL PARTNERS

No. 9014SC1321

(Filed 5 November 1991)

1. **Contribution § 6 (NCI4th); Torts § 4 (NCI3d) — voluntary dismissal of contribution claim — limitation period for refiling**

Since the legislature has failed to fix a time in N.C.G.S. § 1B-3(d)(3) for refiling a contribution claim where a party brings a claim for contribution that is voluntarily dismissed after settlement of the underlying claim, the three-year limitation period of N.C.G.S. § 1-52(2) applies, and the period begins to run when payment is made in the settlement of the underlying claim.

SAFETY MUT. CASUALTY CORP. v. SPEARS, BARNES

[104 N.C. App. 467 (1991)]

**Am Jur 2d, Contribution §§ 101, 103; Limitation of Actions §§ 311, 313.**

2. **Attorneys at Law § 47 (NCI4th) — malpractice — failure to refile contribution claim — withdrawal from case — limitation period not expired**

Summary judgment was properly entered for defendant attorneys in plaintiff insurers' action for malpractice based on defendants' failure to refile third-party contribution claims for plaintiffs' insureds after those claims were voluntarily dismissed without prejudice where the third-party actions would not have been time barred until a year after defendants withdrew as counsel for plaintiffs' insureds.

**Am Jur 2d, Attorneys at Law §§ 219, 220.**

**What statute of limitations governs damage action against attorney for malpractice. 2 ALR4th 284.**

APPEAL by plaintiffs from judgment dated 1 October 1990 by *Judge Donald W. Stephens* in DURHAM County Superior Court. Heard in the Court of Appeals 18 September 1991.

This appeal arises out of a legal malpractice action filed by Safety Mutual Casualty Corporation and New Jersey Manufacturers Insurance Company against Spears, Barnes, Baker, Wainio, Brown & Whaley (Spears Barnes). Plaintiffs contend that defendants breached duties owed to plaintiffs by failing to refile third-party complaints in two civil actions in which defendants represented plaintiffs' insureds.

Plaintiffs employed Spears Barnes to represent their insureds in claims arising out of a traffic accident that occurred on 7 November 1985 on Interstate 85 near Hillsborough. At the time of the accident, REA Construction Company (REA) was repaving the highway under a contract with the North Carolina Department of Transportation (DOT). Because of the construction, traffic had come to a halt on the Interstate. A tractor-trailer truck failed to stop and rear-ended a vehicle causing a chain-reaction that resulted in the deaths of two people, the injury of several others, and extensive property damage. Harry Muhlschegel, who owned the tractor-trailer involved, had leased the truck to Jevic Transportation, Inc. A Jevic employee was driving the truck when the accident occurred. Plaintiff New Jersey Manufacturers Insurance Company was the primary

insurance carrier for Jevic while Safety Mutual Casualty Corporation was the carrier for Muhlschegel.

Defendants represented plaintiffs' insureds in four lawsuits filed as a result of the 7 November 1985 accident. In defending plaintiffs' insureds against these lawsuits, Spears Barnes asserted third-party claims against REA and DOT seeking contribution under the Uniform Contribution Among Tortfeasors Act, G.S. 1B, art. 1. Plaintiffs settled two of the lawsuits and asked Spears Barnes to take voluntary dismissals without prejudice in the third-party claims against REA and DOT in these two actions. Spears Barnes filed notice of dismissal in one action on 31 August 1987 and stipulation of dismissal in the other action on 27 January 1988. In September 1989 Spears Barnes withdrew as plaintiffs' counsel and the third-party claims against DOT and REA Construction were never re-filed. On 5 November 1989 plaintiffs sought to have the pleadings amended in one of the other pending lawsuits to include *all* contribution claims against REA and DOT. The trial court denied the motion and concluded (1) that the claims for contribution were time barred under G.S. 1B-1 and Rule 41(a) of the Rules of Civil Procedure and (2) that even if the claims were not time barred, they were "not sufficiently related to the instant action to warrant the addition, consolidation, or joinder with the Plaintiff's claim." Plaintiffs failed to appeal. In this action, plaintiffs allege that the defendants were negligent by failing to refile the contribution claims within "one year from agreement or payment of a claim." The trial court granted summary judgment for the defendants and plaintiffs appeal.

*Wishart, Norris, Henninger & Pittman, P.A., by Margaret C. Ciardella and David O. Lewis, for plaintiff-appellants.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Robert M. Clay and David H. Batten, for defendant-appellees.*

*Michael E. Mauney for defendant-appellee J. Bruce Hoof.*

EAGLES, Judge.

The issue here is whether the trial court erred in granting summary judgment for defendants. We hold that the trial court did not err. Accordingly, we affirm the judgment.

Summary judgment is appropriate if there is no genuine issue of material fact and a party is entitled to judgment as a matter

of law. G.S. 1A-1, Rule 56. Defendants contend that they are entitled to summary judgment because the plaintiffs' contribution actions against DOT and REA were not time barred when defendants withdrew as plaintiffs' counsel in the third-party action.

[1] Contribution is governed by Chapter 1B of the General Statutes. Both parties agree that this case is controlled by G.S. 1B-3(d), which provides:

> If there is no judgment for the injury or wrongful death against the tort-feasor seeking contribution, his right of contribution is barred unless he has either
>
> (1) Discharged by payment the common liability within the statute of limitations period applicable to claimant's right of action against him and has commenced his action for contribution within one year after payment,
>
> (2) Agreed while action is pending against him to discharge the common liability and has within one year after the agreement paid the liability and commenced his action for contribution, or
>
> (3) While action is pending against him, joined the other tort-feasors as third-party defendants for the purpose of contribution.

The record reveals that third-party claims for contribution were brought on behalf of plaintiffs while the two actions at issue were pending. Accordingly, G.S. 1B-3(d)(3) applies. However, in this case the underlying claims were settled and dismissed with no judgment entered against plaintiffs or their insured. Plaintiffs contend that G.S. 1B-3(d)(3) provides for a one-year limitation period for refiling the contribution claims while defendants contend that a three-year limit applies. We hold that G.S. 1B-3(d)(3) must be read to provide for a three-year statute of limitations.

Unlike G.S. 1B-3(d)(1) and (d)(2) which explicitly state a one-year statute of limitation, G.S. 1B-3(d)(3) is silent as to the statute of limitations period. The Supreme Court has said, "[t]he statute of limitations, although not an unconscionable defense, is not such a meritorious defense that either the law or the facts should be strained in aid of it." *Hardbarger v. Deal*, 258 N.C. 31, 35, 127 S.E.2d 771, 774 (1962) (quoting *Rochester v. Tulp*, 54 Wash. 2d 71, 337 P.2d 1062 (1959)). "[I]f the Legislature has failed to fix

any time, the Courts cannot, in a given case, supply this legislative lapse. The fixing of the time within which to bring suit, under such circumstances, is purely a legislative function. It is not within the power of the judiciary." *Barnhardt v. Morrison*, 178 N.C. 563, 568, 101 S.E. 218, 221 (1919) (quoting *Adams and Freese Co. v. Kenoyer*, 16 L.R.A. (N.S.) 683).

Here, the legislature has failed to fix a time in G.S. 1B-3(d)(3) for refiling contribution claims in the situation where a party brings a claim for contribution that is voluntarily dismissed after settlement of the underlying claim. However, the legislature has provided that a three-year statute of limitations applies "[u]pon a liability created by statute, either state or federal, unless some other time is mentioned in the statute creating it." G.S. 1-52(2). G.S. 1B-3(d)(3) mentions no other time, and we hold that the three-year limit in G.S. 1-52(2) must apply here.

"It is the general rule that the act of payment of compensation to the injured person in satisfaction or partial satisfaction of the common liability fixes and determines the right of action of one joint tortfeasor against another for contribution. His cause of action for contribution accrues at that time, not before, and in the absence of waiver or the like, exists until barred by the pertinent statute of limitations." 18 Am. Jur. 2d *Contribution* § 78 (1985). "North Carolina follows the general rule that a cause of action on an obligation to indemnify normally accrues when the indemnitee suffers actual loss. The same rule applies to the accrual of a cause of action for contribution between joint tort-feasors." *Premier Corp. v. Economic Research Analysts, Inc.*, 578 F.2d 551, 553-54 (4th Cir. 1978) (citations omitted). Here, the record does not indicate precisely on what date payment was made in the settlement of the two lawsuits at issue.

[2] However, the record does establish that New Jersey Manufacturers Insurance Company issued a check on 5 August 1987 in settlement of one lawsuit and another check on 25 November 1987 in settlement of the other lawsuit. New Jersey Manufacturers gave instructions to hold the checks in escrow until receipt of "the Release and Stipulation of Dismissal" and "the appropriate closing documents." Assuming that payment was made on the dates above, the third-party actions would not have been time barred until August 1990 and November 1990, approximately one year after defendants' withdrawal as counsel in September 1989. Accordingly, we hold

that the trial court correctly granted summary judgment for defendants.

Because we have resolved this controversy as discussed above, we need not reach and expressly decline to reach the troublesome issue of whether and to what extent, if any, that legal malpractice claims may be assigned by insured persons to their insurers. *See Hurst v. West*, 49 N.C. App. 598, 272 S.E.2d 378 (1980); *Christison v. Jones*, 83 Ill. App. 3d 334, 405 N.E.2d 8 (1980).

Affirmed.

Judges JOHNSON and PARKER concur.