IN THE MATTER OF: THE APPEAL OF F. L. ODOM, JR. FROM THE FINAL
DECISION OF THE PROPERTY TAX COMMISSION, CONCERNING
VALUATION OF HIS RETAIL STORE, 239 E. MAIN ST., AHOSKIE, N. C.

No. 8110PTC599

(Filed 16 March 1982)

**Taxation § 25.4— ad valorem taxes — appraisal of property — cost approach**

The evidence and findings supported the Property Tax Commission's
determination that an appraisal of petitioner's store building for ad valorem
tax purposes by a County Board of Equalization and Review, although based
on a cost rather than income approach, was supported by a market appraisal
and was not arbitrary.

APPEAL by petitioner from Final Decision of the North
Carolina Property Tax Commission entered 26 February 1981.
Heard in the Court of Appeals 5 February 1982.

Pursuant to G.S. 105-286(a)(1), real property in Hertford Coun-
ty was reappraised for tax purposes by the Hertford County
Board of Equalization and Review for 1979. Petitioner owns a one-
story brick and block store building located on Main Street in
Ahoskie and constructed in 1920. The property was initially ap-
praised at $24,790, but its value was reduced to $21,000 by the
County Board. Petitioner appealed this appraisal to the Property
Tax Commission sitting as the State Board of Equalization and
Review which upheld the County Board's valuations. Pursuant to
G.S. 105-345, petitioner appeals that decision.

*F. L. Odom, Jr., pro se, petitioner appellant.*

*Revelle, Burleson, Lee & Revelle by L. Frank Burleson, Jr.,*
*for respondent appellee, Hertford County.*

CLARK, Judge.

In reviewing decisions of the North Carolina Property Tax
Commission, a state administrative agency, we must determine
whether the evidence presented to the Commission supported its
conclusions.

The scope of appellate review is defined by G.S. 105-345.2,
which provides in part as follows:

"(b) . . . The court may affirm or reverse the decision of the Commission, declare the same null and void, or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the appellants have been prejudiced because the Commission's findings, inferences, conclusions or decisions are:

    (1) In violation of constitutional provisions; or

    (2) In excess of statutory authority or jurisdiction of the Commission; or

    (3) Made upon unlawful proceedings; or

    (4) Affected by other errors of law; or

    (5) Unsupported by competent, material and substantial evidence in view of the entire record as submitted; or

    (6) Arbitrary or capricious.

    (c) In making the foregoing determinations, the court shall review the whole record or such portions thereof as may be cited by any party and due account shall be taken of the rule of prejudicial error. . . ."

It is a principle of law in this State that ad valorem tax assessments are presumed correct. *In re Appeal of Amp, Inc.*, 287 N.C. 547, 215 S.E. 2d 752 (1975); *In re Land and Mineral Co.*, 49 N.C. App. 605, 272 S.E. 2d 878 (1980), *disc. rev. denied*, 302 N.C. 397, 279 S.E. 2d 351 (1981). This presumption places the burden upon the taxpayer to prove that the assessments are incorrect. In order to overcome this presumption, the taxpayer "must produce 'competent, material and substantial' evidence that tends to show that: (1) Either the county tax supervisor used an *arbitrary method* of valuation; or (2) the county tax supervisor used an *illegal method* of valuation; AND (3) the assessment *substantially* exceeded the true value in money of the property." *In re Appeal of Amp, Inc.*, *supra*, at 563, 215 S.E. 2d at 762.

Since petitioner does not allege that the County Board used an illegal method of valuation, he has the burden of proving that the method used was arbitrary and that the assessment was substantially excessive. Petitioner's main argument in his brief is

that the Board erred in not using the income approach to value. It is well-established that the ability of the property to produce income is one element to be considered in determining the value of that property. *In re Valuation*, 282 N.C. 71, 191 S.E. 2d 692 (1972). Other factors to be considered are the building's location, type of construction, age, replacement cost, cost, adaptability for other uses and past income. G.S. 105-317(a)(2).

The Commission found as a fact that petitioner relied entirely on the income approach to arrive at his estimated value of $10,000. The County Board used the cost approach in its calculations, but its valuation was also supported by the market appraisal based on a comparison of the subject property with four commercial buildings. The Board relied most heavily on a sale that occurred in October 1979 of a building one and one-half blocks from the subject property. The building is occupied by a clothing store and is highly comparable to the subject property in size, age and condition of the building, including the lack of central heat and air conditioning. The sales price of the building was $23,000.

Based upon its findings of fact, the Commission determined that the County's appraisal of the subject property was not excessive. However, the Commission was critical of the appraisal methods used by both petitioner and the County Board stating:

"Although we generally believe that the income approach is the most reliable approach for appraising income-producing property, it is our opinion that both income appraisals in this case are seriously flawed. In the first place, there is no evidence to show that the rent being received is economic rent. Neither party had any idea of what comparable buildings in the area were renting for. Secondly, Mr. Odom's treatment of certain expenses are [sic] not in accordance with accepted appraisal principles. This is especially true of the treatment of property taxes. When appraising property for property tax purposes, it is improper to deduct tax expense on the basis of the County's appraisal because if the taxpayer's appraisal is accepted the tax expense will have been overstated. For example, Mr. Odom deducted tax expense of $439. If his estimate of value had prevailed, however, the tax would have been only about $200 based on

his indicated rate of $2.09 per hundred. Using the County's rate of $1.47, the tax expense would have been only about $150. It is therefore the generally accepted practice to include the tax rate as a factor in the capitalization rate when appraising property for property tax purposes. Except for the deduction for insurance, none of the expenses was handled in the manner usually found in a professional income approach appraisal. Past expenses would not be deducted. Instead, reserves should be set up for future expenses. In capitalizing the net income, also, the income attributable to the land should be separated from the building because land is not a wasting asset and should not be recovered."

The Commission concluded that the County Board's appraisal, although based on the cost approach, was sufficiently supported by the market appraisal. It therefore sustained the County's appraisal of $21,000, since petitioner's evidence of his income appraisal, as noted above, was "seriously deficient in a number of important respects."

After reviewing the record as a whole, we find that petitioner has failed to carry his burden of proof in that he has not produced "competent, material and substantial" evidence tending to show the County Board's evaluation method was an arbitrary one. We hold that the findings by the Commission are supported by the evidence and that the findings in turn support the Commission's conclusion as to the valuation of the subject property. Therefore, the determination by the Commission is conclusive, since this Court is not authorized to make findings different from those of the Commission. *In re Valuation, supra.*

The decision of the Property Tax Commission is

Affirmed.

Judges ARNOLD and WHICHARD concur.