IN RE APPEAL OF SENSENEY

[95 N.C. App. 407 (1989)]

---

IN THE MATTER OF: THE APPEAL OF DAVID AND SHERRILL SENSENEY FROM THE APPRAISAL OF CERTAIN OF THEIR REAL PROPERTY BY THE HYDE COUNTY BOARD OF EQUALIZATION AND REVIEW FOR 1987

No. 8810PTC1280

(Filed 5 September 1989)

1. **Taxation § 25.4— property tax—method of appraisal arbitrary—evidence sufficient**

The evidence presented by the taxpayers supported the Property Tax Commission's conclusion that the county's method of appraisal for property tax purposes was arbitrary where the company doing the appraisal used the running foot method based on comparable sales; taxpayers elicited on cross-examination testimony as to variables the running foot method did not take into account; the taxpayer's witness testified that

IN RE APPEAL OF SENSENEY

[95 N.C. App. 407 (1989)]

the valuation method of the county's expert witness had no validity because it did not use an income approach and the commercial valuation bears no relationship to the income approach; and the county's expert revealed on direct and cross-examination that his square foot calculations were inaccurate and that one of the comparable sales was actually a transfer to an entity in which the grantor had a 50% interest.

2. **Taxation § 25.4— property tax—assessment substantially in excess of land's true value**

The taxpayers produced competent, material and substantial evidence that the county's assessed value of land for property tax purposes was substantially in excess of the land's true value where the taxpayer's witness found the value of the land to be $269,000, the county appraiser valued the land at $282,000, the county's other witness valued the land at $282,600 and the Property Tax Commission valued the land at $179,361. The Commission's valuation is supported by competent, material and substantial evidence and the county's appraised value is substantially in excess of what the Commission found to be the land's true value.

3. **Taxation § 25.4— property tax—value found by Property Tax Commission—no error**

There was a basis in the evidence for the value the Property Tax Commission placed on real property for property tax purposes where the Commission valued the land at $6.50 per square foot but no witness testified to that value. The Commission's findings are essentially based on the report of the county's witness, with the correction of what the Commission perceived as errors in calculations of square feet and inclusions in the comparable sales data.

4. **Taxation § 25.4— property tax—taxpayer's estimate of value—not a judicial admission**

The taxpayers' estimate of value contained in their application for a hearing before the Property Tax Commission was not a judicial admission, but merely served to notify the Commission and the parties of the appealing party's contentions and was some evidence of value but not conclusive.

5. **Taxation § 25.4— property tax—Property Tax Commission's disregard of comparable sale—no error**

The Property Tax Commission did not err by disregarding a comparable sale in a property tax appraisal where it appears that the Commission determined that the method of valuation was sound but that that sale should not have been included in the calculations because it was not a true sale and made the value per square foot inaccurate.

APPEAL by Hyde County from the North Carolina Property Tax Commission. Decision entered 6 June 1988. Heard in the Court of Appeals 6 June 1989.

*Merriman, Nicholls & Crampton, P.A., by W. Sidney Aldridge, for appellant Hyde County.*

*Adams, McCullough & Beard, by Charles C. Meeker, for appellees David and Sherrill Senseney.*

LEWIS, Judge.

Hyde County revalued all property for property tax purposes effective 1 January 1987. The taxpayers' land consists of two adjacent lots, Tracts 113 and 114, located on the east side of Silver Lake, a bay on Ocracoke Island.

Tract 113 is a lot approximately 80 feet by 150 feet with a commercial building known as the Community Store. The taxpayers purchased this property in 1980 for $125,000.00. Hyde County assessed a value of $120,000.00 on the land and $112,970.00 on the improvements for a total of $232,970.00.

Tract 114 is a lot approximately 138 feet by 108 feet improved with commercial structures including a building known as Jack's Store (a hardware store), a dock, and several miscellaneous buildings used to sell craft and souvenir items. The taxpayers purchased this tract in 1984 for $250,000.00. The county assessed a value of $162,000.00 on the land and $77,840.00 on the improvements for a total of $239,840.00.

The Property Tax Commission (Commission) made findings of fact based on the evidence. It concluded the county's appraisal of the improvements was neither arbitrary nor illegal and did not result in a value in excess of the true value in money. The county's

appraisal value of the improvements was upheld and neither party has excepted to the findings and conclusions regarding the value of improvements. As to the land values, the Commission found the county's method was arbitrary and resulted in an appraised value substantially greater than the true value of the land. The Commission valued the land at $179,361.00. The county appeals.

The county brings forward ten assignments of error grouped into six arguments. First, it contends the taxpayers did not produce competent, material and substantial evidence that the county used an arbitrary method of valuation. Second, the same objection is asserted that the county's assessed value was substantially in excess of the true value in money of the land and to the Commission's value of the property. Fourth, the county challenges finding of fact number 8 as not supported by the evidence. The county also contends the Commission erred in determining a land value less than the amount the taxpayers stated in their petition for review before the Commission. Finally, the county contends the Commission erred in disregarding one of the comparable sales in a witness's report. We have reviewed the county's assignments of error and find them to be without merit. The Commission's order is affirmed.

There is a presumption that ad valorem tax assessments are correct. *In re Odom*, 56 N.C. App. 412, 289 S.E.2d 83, *cert. denied*, 305 N.C. 760, 292 S.E.2d 575 (1982). Accordingly, the taxpayer has the burden of proving to the Commission by competent, material and substantial evidence that "(1) Either the county tax supervisor used an *arbitrary method* of valuation; or (2) the county tax supervisor used an *illegal method* of valuation; and (3) the assessment *substantially* exceeded the true value in money of the property." *In re Appeal of Amp. Inc.*, 287 N.C. 547, 563, 215 S.E.2d 752, 762 (1975) (emphasis original). The scope of appellate review is set forth in G.S. 105-345.2(b). In reviewing cases from the Property Tax Commission, this Court "must determine whether the evidence presented to the Commission support[s] its conclusions." *In re Odom*, 56 N.C. App. at 412, 289 S.E.2d at 84. The county's burden of proof is to show the Commission's order is "unsupported by competent, material and substantial evidence in view of the entire record as submitted." G.S. 1-5-345.2(b)(5). The question before us, then, is whether there was substantial evidence to support the Commission's findings of fact and its conclusions that the method of valuation was arbitrary and produced a value substantially in excess of the true value of the property.

[1] We first address the county's contention that the taxpayers did not present competent, material and substantial evidence that the county's valuation method was arbitrary. According to Mr. Pearson, whose company completed the 1 January 1987 appraisal for Hyde County, the highest and best use for the taxpayers' property was commercial. Pearson valued the land on Silver Lake at $1,500.00 per running foot based on comparable sales. He valued the land at $282,000.00 and improvements at $190,810.00 for a total value of $472,810.00. On cross-examination, the taxpayers elicited testimony from Pearson as to variables the running foot method did not take into account. He did not take into account depth of the lot. The taxpayer's witness, Mr. Streb, testified that the valuation method of the county's expert witness, Bell, had no validity because it did not use an income approach and the commercial valuation bears no relationship to the income approach. Bell testified the highest and best use of the property was commercial and valued the property on a market data approach using 14 comparable sales adjusted for time with a 15 percent appreciation rate. He found a value of $9.00 per square foot for the land and estimated the number of square feet from an aerial photograph. He valued the buildings at $25.00 per square foot based on two comparable sales. Bell valued the land at $282,600 and the improvements at $194,680, for total value of $477,280. Bell's testimony on direct and cross revealed that his square foot calculations were inaccurate and that one of the comparable sales was actually a transfer to an entity in which the grantor had a 50% interest. "The weight to be accorded relevant evidence is a matter for the factfinder, which is the Commission." *In re Appeal of Westinghouse Electric Corp.*, 93 N.C. App. 710, 712, 379 S.E.2d 37, 38 (1989). We find the evidence presented supports the Commission's conclusion that the county's method of appraisal was arbitrary. These assignments of error are overruled.

[2] Next we address the county's contention that the taxpayers did not produce competent, material and substantial evidence that the county's assessed value of the land was substantially in excess of the land's true value. The taxpayers' witness, Mr. Streb, found the value of the land to be $269,000.00. The county appraiser valued the land at $282,000.00, and the county's other witness valued the land at $282,600.00. The county contends the taxpayers' expert testified to a value essentially the same as the county's value and thus the taxpayers have not proved the county substantially over-

valued the land. However, the Commission valued the land at $179,361.00. As discussed below the Commission's valuation is supported by competent, material and substantial evidence. The county's appraised value is substantially in excess of what the Commission found to be the land's true value. These assignments of error are overruled.

[3]   The county also assigns error to the land value found by the Commission. The Commission valued the land at $6.50 per square foot for 27,594 square feet resulting in a total value of $179,631.00. The county contends that since no witness testified to the $6.50 per square value, the value is not based on competent, material and substantial evidence. The Commission's findings are essentially based on the report of the county's witness. The Commission appears to have determined Mr. Bell's method of valuation was sound but corrected what it perceived as errors in the calculations of square feet and inclusions in the comparable sales data. There is a basis in the evidence for the Commission's value, and these assignments of error are overruled.

The county also assigns error to finding of fact 8. In this finding, the Commission found the true value of both parcels of land was $179,361.00 or $6.50 per square foot for 27,594 square feet. The county contends that the finding is not "proper" and that the Commission must set out the specific facts supporting the conclusion. It appears from the record that the $6.50 per square foot value is based on Mr. Bell's report of comparable sales adjusted to exclude the one sale. The finding is sufficient and the county's contention is without merit.

[4]   Next we address the county's contention that the taxpayers are bound by their $199,500.00 estimate of value contained in their application for hearing. The county contends the application is a judicial "admission" that serves as a lower limit on the value that the Commission may find. We disagree. The application for hearing before the Commission serves to notify the Commission and the parties of the appealing party's contentions. We believe the values stated in the application are only some evidence of value and are not conclusive. If the Commission determines the county's method is arbitrary or illegal and the assessed value is substantially in excess of the true value, it is then free to determine the value based on the evidence presented. This assignment of error is overruled.

NATIONWIDE MUTUAL INS. CO. v. WINSLOW

[95 N.C. App. 413 (1989)]

[5] Now we address the county's final assignment of error. In its order, the Commission disregarded "Sale Number 14" in Mr. Bell's comparable sales report as not being a true sale. The county contends the Commission erred in disregarding this "sale" as the report is intended to show the basis of Mr. Bell's opinion. It appears the Commission determined Mr. Bell's method of valuation was sound but that sale number 14 should not have been included in the calculations because it was not a true sale and made the value per square foot inaccurate. This assignment of error is directed at the weight and credibility of the evidence, matters for the Commission to determine. *Westinghouse Electric, supra.* This assignment of error is overruled.

We have reviewed each of the county's assignments of error and find them to be without merit.

Affirmed.

Judges BECTON and PHILLIPS concur.