[No. 33347-0-I.   Division One.   May 22, 1995.]

ARVID AUGUSTSON, ET AL, *Appellants*, v. KAREN GRAHAM, *Respondent.*

*Paul Burns* and *Monte Wolff,* for appellants.

*K.C. Webster,* for respondent.

KENNEDY, A.C.J. — Arvid and Martha Augustson (hereinafter jointly referred to as Augustson) appeal the trial court's summary dismissal of their personal injury lawsuit against Karen Graham as the personal representative of the estate of Thomas Varnson, deceased. Varnson was a resident of Idaho at the time of the motor vehicle accident giving rise to the lawsuit and at the time of his death 2 years later. The trial court ruled as a matter of law that Varnson's death before the expiration of the 3-year statute of limitation did not serve to toll the running of the 3-year statute pending the appointment of a personal representative in September 1992 or January 1993. We reverse and remand for reinstatement of the Augustson lawsuit.

## FACTS

The matter proceeded to summary judgment on stipulated facts. On June 11, 1989, Arvid Augustson, then a resident of Snohomish County, Washington, was driving near East Wenatchee in Douglas County, Washington. Thomas Varnson, a resident of Idaho, rear-ended the Augustson vehicle, causing injuries to Mr. and Mrs. Augustson. Thereafter, Varnson returned to Idaho and Augustson commenced negotiations with Varnson's automobile liability insurance carrier.

On June 17, 1991, Varnson, who was still a resident of Idaho, died intestate in the State of Oregon. No personal representative was appointed for his estate. Accordingly, no notice to creditors was provided, in Idaho or elsewhere. Augustson had no actual or constructive notice of Varnson's death.

On June 4, 1992, negotiations with the insurance carrier having failed, Augustson filed a summons and complaint in Douglas County, Washington, naming as Defendants Thomas A. Varnson, Jane Doe Varnson and their marital community, seeking to recover damages for personal injuries arising from Varnson's alleged negligence in causing the automobile accident.

On September 1, 1992, while attempting to locate and serve Thomas A. Varnson, Augustson learned that Varnson

had died in Oregon in June 1991, and that no personal representative had ever been appointed for his estate. Augustson promptly petitioned the appropriate Idaho court to be appointed as Varnson's personal representative for the purpose of accepting service of the summons and complaint in the Douglas County action. This petition was granted and on September 4, 1992, Arvid Augustson was granted letters of administration in Lewis County, Idaho. He accepted service of the Douglas County lawsuit that same day in his capacity as personal representative. Augustson did not, however, seek to substitute Varnson's estate as a defendant in the Douglas County lawsuit. Jane Doe Varnson was not served.

In early November 1992, the named Defendants appeared and answered the complaint and also filed a motion for summary judgment of dismissal, contending that the action was barred by the applicable statute of limitation and that the estate had not been properly substituted as a party defendant. The motion for summary judgment was stricken soon after and the parties agreed, in December 1992, to a voluntary dismissal of the Douglas County action, without prejudice, and that a new lawsuit would be filed in Snohomish County, Washington.

In January 1993, an ancillary probate proceeding was commenced in Snohomish County Superior Court. Karen Graham was appointed personal representative for Varnson's estate. On February 23, 1993, Augustson filed a notice of claim with Ms. Graham and also filed and served the action for personal injuries, naming Ms. Graham as the personal representative of Varnson's estate as the only Defendant. Ms. Graham accepted service that same day in her capacity as personal representative.

On March 22, 1993, Ms. Graham answered the complaint, raising as an affirmative defense that the statute of limitation, RCW 4.16.080, barred the lawsuit.

In July 1993, Augustson moved for summary judgment, asking that the affirmative defense be stricken and Ms. Graham moved for summary judgment of dismissal of the lawsuit on grounds that the statute of limitation barred the

lawsuit. On August 6, 1993, the trial court granted Ms. Graham's motion and denied Augustson's motion. This timely appeal followed.

## DISCUSSION

The Snohomish County lawsuit was filed and served 3 years and 8 months after the accident. Augustson contends, *inter alia*, that the trial court erred in failing to recognize that the action was timely pursuant to RCW 4.16.200 and the probate nonclaim statute, RCW 11.40.011, despite the expiration of the 3-year statute of limitation, RCW 4.16.080.[1]

In its most recent incarnation, RCW 4.16.200 provides in relevant part: "Limitations on actions against a person who dies before the expiration of [the 3-year statute] are as set forth in RCW 11.40." Varnson died before the expiration of the 3-year statute. RCW 4.16.200 was most recently amended by Laws of 1989, ch. 333, § 8. RCW 11.40.011 was likewise amended by section 2 of that same act (and several other sections of RCW 11.40 were likewise amended). The amendatory act became effective May 11, 1989. Varnson died in June 1991, well after this effective date.

Before the 1989 act, RCW 4.16.200, which had last been amended by Code of 1881, § 38, provided that if a person against whom an action may be brought died before the expiration of the applicable statute of limitation, an action could be filed after the expiration of that time and within 1 year after the issuing of letters to the personal representative for the decedent's estate. Thus, RCW 4.16.200 and its predecessor in the earlier code had been seriously out of synchronization with the probate nonclaim statutes for

---

[1]Augustson raises two additional grounds which he contends require reversal: that from the time Varnson died until a personal representative was appointed for his estate, Varnson was "absent" from this state within the meaning of RCW 4.16.180; and that the 3-year statute of limitation for personal injury actions was tolled by virtue of the discovery rule until Augustson learned of Varnson's death, *i.e.*, discovered that the proper party defendant was the personal representative for Varnson's estate. Because our decision on the basis of RCW 4.16.200 and the probate nonclaim statute is dispositive of the appeal, we do not reach these additional contentions.

many, many years. This anomaly was well recognized by the courts, which had ruled on numerous occasions that the statute had long since been superseded by the probate nonclaim statutes. *See, e.g., White v. Coleman*, 146 Wash. 148, 153, 262 P. 232 (1927) (holding that Code of 1881, § 38 "has manifestly been superseded" by the later probate nonclaim statute). *See also Morrison v. Hulbert*, 44 Wn.2d 171, 173, 266 P.2d 338 (1954) (If a claim is not barred at the time of the death of the debtor, the only applicable statute of limitation then applicable is found in the probate statutes of nonclaim; this applies to all claims against decedents' estates.)

In *Belancsik v. Overlake Mem. Hosp.*, 80 Wn.2d 111, 492 P.2d 219 (1971) the Supreme Court rejected two constitutional challenges to an earlier version of RCW 11.40.011, the probate nonclaim statute at issue in this appeal. In the course of the ruling, the court noted that "there can be no doubt that the probate code is an appropriate location for provisions modifying the statute of limitations for actions brought against estates". *Belancsik*, 80 Wn.2d at 114. And further:

> We also conclude that RCW 11.40.011, like its companion nonclaim statute RCW 11.40.010, sets out the governing limitation period for all claims against a decedent not barred by the general statute of limitations at the time of his death, and it may have the effect either of diminishing or extending the otherwise applicable limitation period.

(Citations omitted.) *Belancsik*, 80 Wn.2d at 116.

With this background, we now turn to the language of RCW 11.40.011 as amended by Laws of 1989, ch. 333, § 2:

> **Service and filing of claims involving liability or casualty insurance—Limitations.** The time limitations under this chapter for serving and filing of claims shall not accrue to the benefit of any liability or casualty insurer as to claims against the deceased and/or the marital community of which the deceased was a member and *such claims, subject to applicable statutes of limitation, may at any time* be:
>
> (1) Served on the personal representative, or the attorney for the estate; or
>
> (2) If the personal representative shall have been discharged, then the claimant as a creditor may cause a new personal

representative to be appointed and the estate to be reopened in which case service may be had upon the new personal representative or his attorney of record.

Claims may be served and filed as herein provided, notwithstanding the conclusion of any probate proceedings: PROVIDED, That the amount of recovery under such claims shall not exceed the amount of applicable insurance coverages and proceeds: AND PROVIDED FURTHER, That such claims so served and filed shall not constitute a cloud or lien upon the title to the assets of the estate under probate nor delay or prevent the conclusion of probate proceedings or the transfer or distribution of assets of the estate subject to such probate. *Nothing in this section serves to extend the applicable statute of limitations regardless of the appointment or failure to have appointed a personal representative for an estate.*

(Italics ours.)

RCW 4.16.200 provides that, because Varnson died before the running of the 3-year statute of limitation, the applicable statute of limitation for any claim against Varnson's estate will be found in RCW 11.40. Augustson is interested only in Varnson's liability insurance coverage. RCW 11.40.011 provides that the time limitations found elsewhere in RCW 11.40 shall not accrue to the benefit of Varnson's insurance carrier. Instead, Augustson may file his claim as against the liability insurance proceeds "at any time" subject, however, to "applicable statutes of limitation", which are not extended by RCW 11.40.011 "regardless of the appointment or failure to have appointed a personal representative for an estate".

■ ■ Graham argues that the "applicable statute of limitation" for this case is RCW 4.16.080 — the general 3-year statute. Thus, by Graham's reasoning, although RCW 4.16.200 by its plain language tells us to look to the probate nonclaim statutes for the applicable statute of limitation instead of to RCW 4.16.080, RCW 11.40.011 directs us in a circular path leading directly back to RCW 4.16.080, even though Varnson died before the expiration of that 3-year period. We reject this circular reasoning. To adopt this reasoning would render RCW 4.16.200 meaningless. Because the Legislature amended RCW 11.40.011 at the same time as it amended RCW 4.16.200 (thereby bringing RCW 4.16-.200 back into conformity with the probate nonclaim stat-

utes after decades of nonconformity), it is inconceivable that the Legislature intended to render RCW 4.16.200 meaningless, or did so accidentally.[2]

RCW 11.40.011 need be read in conjunction with RCW 4.16.200 only when the decedent has died before the expiration of the otherwise applicable statute of limitation, here, RCW 4.16.080. By providing that a plaintiff may file his or her claim as against liability insurance proceeds at any time subject to applicable statutes of limitation, the Legislature made it clear that where the decedent has died *after* the expiration of the applicable statute, the words "at any time" do not revive the claim. Similarly, by providing that a claimant can at any time reopen an already closed estate in order to pursue insurance proceeds, or commence a probate which otherwise may never have taken place at all in order to pursue insurance proceeds, RCW 11.40.011 does not revive a

---

[2]Graham has some support for her reasoning. In *Geschwind v. Flanagan*, 65 Wn. App. 207, 214-15, 828 P.2d 603 (1992), *rev'd on other grounds*, 121 Wn.2d 833, 854 P.2d 1061 (1993), this court wrote: "The time period for filing a claim against an estate when a liability or casualty insurance policy is available to pay the claim is the same as the statute of limitations." We cited RCW 11.40.011, accompanied by n.5 setting forth the language from that statute stating that "[n]othing in this section serves to extend the applicable statute of limitations". We made no reference to RCW 4.16.200, however. Under the facts of *Geschwind* it was not necessary for us to consider RCW 4.16.200.

In *Geschwind*, the decedent was killed in the same automobile accident which gave rise to the plaintiff's action and the lawsuit was filed within the ensuing 3 years, naming an unknown personal representative of the decedent's estate as a party defendant. In fact, no personal representative had been appointed. A personal representative was subsequently appointed who failed, however, to post a bond for 18 months following his appointment. Accordingly, he did not receive letters of administration until nearly 5 years after the date of the accident. The personal representative sought dismissal of the lawsuit because the creditor's claim was not filed within 3 years of the date of the accident. This court affirmed the trial court's rejection of the personal representative's request, holding that RCW 11.40.090 served to extend the 3-year statute during the 18-month vacancy in the administration of the estate. *Geschwind*, 65 Wn. App. at 215-17.

In *Geschwind*, the probate was formally opened within 3 years of the accident. Here, it was not. Augustson did not learn that Varnson had died until September 1, 1992, more than 3 years after the accident and only 1 day prior to the end of the 90-day extension from the date of filing the Douglas County lawsuit provided in RCW 4.16.170. Augustson was not able to obtain letters of administration in Idaho until September 4, 1992, so he was not able to accept service of the Douglas County action until after the expiration of that 90-day extension. The Snohomish County action came some 5 months later than that.

claim which has already expired by the time of the decedent's death, because the right to pursue the insurance proceeds "at any time" remains subject to applicable statutes of limitation. There is nothing in the language of RCW 11.40.011 which can serve to extend an applicable statute of limitation, whether or not a personal representative has ever been appointed.

But where a decedent's death before the expiration of the applicable statute of limitation is the event which tolls the running of the limitation period until a personal representative is appointed, RCW 11.40.011 does not negate the tolling.

It is the general rule that, in the absence of a statute to the contrary, the intervening death of the obligor does not toll a general statute of limitation upon an accrued cause of action. *See* 51 Am. Jur. 2d *Limitation of Actions* § 195, at 762 (1970); Wade R. Habeeb, Annotation, *Tolling or Interruption of Running of Statute of Limitations Pending Appointment of Executor or Administrator for Tortfeasor in Personal Injury or Death Action*, 47 A.L.R.3d 179, 181 (1973). Statutes providing that if the obligor dies before the expiration of the limitations period, an action may be brought against the personal representative of the obligor's estate within a specified period "have the practical effect of preventing the claim from being barred by the statute of limitations during the period between the time of death of the debtor and the appointment of a person to administer [the] estate." 47 A.L.R.3d, at 181.

Washington's statutory scheme has long provided that when the obligor dies before the expiration of the normally applicable statute of limitation, the time limits contained in the probate nonclaim statutes will prevail instead and will supersede all other statutes of limitation. *Turner v. Estate of Lo Shee Pang*, 29 Wn. App. 961, 964, 631 P.2d 1010 (1981) (quoting *Davis v. Shepard*, 135 Wash. 124, 131-32, 237 P. 21, 41 A.L.R. 163 (1925)). We find no language in RCW 11.40-.011 abandoning or revising this hoary statutory scheme, particularly in view of the fact that RCW 4.16.200 was at

long last updated to conform with that same statutory scheme with the 1989 amendatory act above referenced.

Accordingly, we hold that because Varnson died before the expiration of the 3-year statute of limitation so that the *only* applicable statutes of limitation are those contained in the probate nonclaim chapter, and because none of those time limitations were exceeded here, the Augustson lawsuit was timely.

Reversed and remanded for reinstatement of the Augustson lawsuit.

GROSSE, J., and SCHOLFIELD, J. Pro Tem., concur.