948 P.2d 1291 (1997)
134 Wash.2d 267
William YOUNG and Karolyn R. Young, husband and wife, Respondents,
v.
The ESTATE OF Rex Lee SNELL, By and Through its Personal Representative, Harry B. PLATIS, Petitioner.
No. 64165-0.
Supreme Court of Washington, En Banc.
Argued May 20, 1997.
Decided December 24, 1997.
As Amended January 30, 1998.
*1292 Donald C. Harrison, Seattle, amicus curiae for Washington Defense Trial Lawyers.
Debra Stephens, Bryan Harnetiaux, Spokane, amicus curiae for Washington State Trial Lawyers Association.
Reed, McClure, Pamela Okano, Seattle, R. McCluskey, Federal Way, for Petitioner.
Messina Law Firm, Stephen L. Bulzomi, John R. Christensen, Tacoma, for Respondents.
ALEXANDER, Justice.
The Estate of Rex Lee Snell obtained review of an order of the Pierce County Superior Court denying its motion for a summary judgment dismissing William and Karolyn Young's (Young) lawsuit against it for personal injuries. In this review we are called upon to determine what time limitation, if any, applies to a lawsuit for personal injuries that is maintained against the estate of an alleged tort-feasor who was insured at the time of the injury, but died prior to the expiration of the statute of limitations that would have applied to a suit against the deceased had he lived. We conclude that suit must be brought within three years of the date of the conduct giving rise to the cause of action. Because it is conceded that the conduct giving rise to Young's lawsuit occurred more than three years prior to the time Young perfected the lawsuit against the Snell Estate, we reverse the trial court and remand for entry of an order granting the Estate's summary judgment motion.
On August 29, 1991, William Young, a Washington resident, was involved in an automobile accident in Pierce County, Washington. Young contends that the accident was caused by Rex Snell, a California resident. At the time the accident occurred, Snell had automobile liability insurance. Slightly over a year from the date of the accident, Snell died from an unrelated cause. He did not have a will.
On August 18, 1994, Young filed a summons and complaint in Pierce County Superior Court naming Rex Snell as the defendant. In the complaint, Young sought damages for William Young's physical and mental pain, loss of earnings and impairment of future earning capacity. Young did not attempt to serve Snell or a personal representative for Snell with a copy of that summons and complaint.
On February 24, 1995, more than three years after the 1991 accident, Young's attorney arranged to have Harry Platis appointed as personal representative of the Snell Estate. *1293 On March 6, 1995, Young served a second summons and an amended complaint on Platis. The amended complaint, which named the Snell Estate as a defendant, was filed two days later.
The Snell Estate answered Young's amended complaint and moved for a summary judgment dismissing the lawsuit against it, arguing that Young's suit was barred by the three-year statute of limitations set forth in RCW 4.16.080(2). The superior court denied the Estate's motion. In doing so, it relied on Augustson v. Graham, 77 Wash.App. 921, 895 P.2d 20 (1995) and concluded that there is no statute of limitations on actions against the estate of a decedent if the decedent (1) was insured against liability for the incident giving rise to the claim and (2) died prior to the running of the three-year statute of limitation on personal injury actions. Clerk's Papers at 21. Young sought discretionary review of that decision in this court. We granted review.
We review de novo a trial court's denial of a motion for summary judgment. Safeco Ins. Co. v. Butler, 118 Wash.2d 383, 394-95, 823 P.2d 499 (1992). A summary judgment motion should be granted if, after considering all the submissions and all reasonable inferences drawn therefrom in favor of the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56; LaPlante v. State, 85 Wash.2d 154, 158, 531 P.2d 299 (1975). Here, it can be said there are no factual disputes. Thus, the case is ripe for summary judgment.
In a standard action to recover damages for personal injuries, a plaintiff has three years from the date of the alleged injury within which to commence his or her action. RCW 4.16.080(2).[1] In a case where a putative defendant dies prior to the expiration of the applicable statute of limitations, RCW 4.16.200 comes into play. It states, in part, that "[l]imitations on actions against a person who dies before the expiration of the time otherwise limited for commencement thereof are as set forth in chapter 11.40 RCW." Because Snell died prior to the expiration of the three-year statute of limitation that would have otherwise been applicable but for his death, RCW 4.16.080(2), we must, according to RCW 4.16.200, direct our attention to the provisions of chapter 11.40 RCW in order to determine if it provides any limitation on Young's action against Snell's estate.
Chapter 11.40 RCW governs the presentation of claims against a decedent's estate and it sets forth time limits within which such claims must be presented.[2] One limit is contained in RCW 11.40.010. It provides that claims of creditors of an estate are "forever barred" if the creditors do not file their claims with the personal representative of the estate within four months of the representative's giving of notice of the decedent's death. RCW 11.40.010. Another statute in that same chapter, former RCW 11.40.014, indicates that whether or not the personal representative has given notice under RCW 11.40.010, a creditor who has not filed a claim within 18 months from the decedent's death "shall be forever barred from making a claim against the decedent, or commencing an action against the decedent, if such claim or action is not already barred by any otherwise applicable statute of limitation[s]." At first blush, it might appear as though the 18-month time limitation set forth in former RCW 11.40.014 bars Young's cause of action because Young did not file a claim with a personal representative of Snell's estate within 18 months of Snell's death.[3] That is not the case, though, because RCW 11.40.014 provides that the time limitation set *1294 forth therein does not apply to "claims described in [former] RCW 11.40.011...."[4] Rather, the limitation on claims in such cases is governed by the provisions of former RCW 11.40.011. That statute provides in pertinent part:
The time limitations under this chapter for serving and filing of claims shall not accrue to the benefit of any liability or casualty insurer as to claims against the deceased and/or the marital community of which the deceased was a member and such claims, subject to applicable statutes of limitation, may at any time be:
(1) Served on the personal representative, or the attorney for the estate; or
(2) If the personal representative shall have been discharged, then the claimant as a creditor may cause a new personal representative to be appointed and the estate to be reopened in which case service may be had upon the new personal representative or his attorney of record.
... Nothing in this section serves to extend the applicable statute of limitations regardless of the appointment or failure to have appointed a personal representative....
(Emphasis added).
With that background, we examine the contentions of the parties. In support of its motion for summary judgment, the Snell Estate argued that the "applicable statute of limitation" governing this case is the three-year limitation on personal injury actions. Accordingly, it contended that Young's lawsuit was time-barred by former RCW 11.40.011 because the amended summons and complaint was not filed or served[5] on the Snell Estate within the "applicable" three-year statute of limitation.
Young countered that there is no applicable statute of limitation on his claim. Young reasons that because RCW 4.16.200 provides that limitations on actions against a person who dies before the expiration of the statute of limitation that otherwise would have governed an action against that person "are as set forth in chapter 11.40 RCW," there is no statute of limitation on Young's action against the Snell Estate. That is so, Young argues, because former RCW 11.40.011 provides, in essence, that the time limitation under chapter 11.40 RCW for serving and filing claims do not apply when the decedent had liability insurance.
The superior court agreed with Young, holding that "when the defendant dies before the running of the three-year period, the probate code [chapter 11.40 RCW] controls and that, unless there's some time limit in the probate code that can be identified that's violated, the claim can stand." Report of Proceedings at 7-8. Because it could not identify any time limit in that code, the trial court denied the Estate's motion. The specific issue before us then is this: Did the Legislature intend by enacting RCW 4.16.200 and former RCW 11.40.011 that there be no statute of limitations applicable to claims against the estate of an alleged tort-feasor which are covered by liability insurance that was carried by the decedent, if the insured decedent dies prior to the expiration of the otherwise applicable statute of limitations?
As noted above, the trial court relied on Augustson v. Graham, 77 Wash.App. 921, 895 P.2d 20 (1995) in ruling for Young. The facts there were that the plaintiffs, Arvid and Martha Augustson, were involved in an auto accident in this state. The other party to the accident was Thomas Varnson, an Idaho resident. Varnson died intestate in Oregon approximately two years after the date of the accident. A week short of three years from the date of the accident, the Augustsons filed suit against Varnson in Douglas County Superior Court, seeking damages for personal injuries allegedly sustained in the accident. After learning of Varnson's death, Arvid Augustson obtained letters of administration in Lewis County, Idaho. He then accepted service of the *1295 Douglas County lawsuit on September 4, 1992, in his capacity as the personal representative of Varnson's Estate. In December 1992, the Douglas County lawsuit was voluntarily dismissed. In January 1993, Karen Graham was appointed in Snohomish Court Superior Court as the personal representative for Varnson's estate. Shortly thereafter, the Augustsons filed a notice of claim with Graham and commenced an action for personal injuries in Snohomish County, naming Graham as the only defendant in her capacity as the personal representative of Varnson's estate. Graham moved for summary judgment contending that the three-year statute of limitations set forth in RCW 4.16.080(2) had expired. The trial court granted summary judgment and entered an order barring the plaintiffs' claim. Division One of the Court of Appeals reversed, however, concluding that the plaintiffs' action was timely. In doing so, it indicated that the effect of former RCW 11.40.011 is to make the only applicable statute of limitation "those contained in the probate nonclaim chapter [the four-month limitation in RCW 11.40.010 and the 18-month limitation in [former] RCW 11.40.014]...." Augustson, 77 Wash.App. at 929, 895 P.2d 20. Finding that neither of those limitations were "exceeded," the Court held the plaintiffs' suit was not time-barred. Augustson, 77 Wash.App. at 929, 895 P.2d 20.[6]
The Snell Estate contends that Augustson was wrongly decided. It asserts that in making claims involving a decedent's liability insurance "subject to applicable statutes of limitation" in former RCW 11.40.011, the Legislature evidenced its intention that claims for damages resulting from personal injuries that fall within the ambit of former RCW 11.40.011 be subject to the three-year statute of limitations set forth in RCW 4.16.200. Upholding the superior court's order, the Estate argues, would bring about the unlikely and absurd result that there would be no time limitation on claims against the estate of an alleged tort-feasor who possessed liability insurance, but died prior to the expiration of the three-year statute of limitation that would have applied had the alleged tort-feasor not died. Had the Legislature intended that there be no statute of limitations in such cases, the Estate contends, it would have explicitly so provided.
Young counters that Augustson was correctly decided, suggesting that if this court were to adopt the Estate's interpretation of the statutes in question, we would have to engage in reasoning that the Court of Appeals identified and rejected when it stated:
Thus, by Graham's reasoning, although RCW 4.16.200 ... tells us to look to the probate nonclaim statutes for the applicable statute of limitation instead of to RCW 4.16.080, RCW 11.40.011 directs us in a circular path leading directly back to RCW 4.16.080.... We reject this circular reasoning. To adopt this reasoning would render RCW 4.16.200 meaningless.... [I]t is inconceivable that the Legislature intended to render RCW 4.16.200 meaningless, or did so accidentally.
Augustson, 77 Wash.App. at 926-27, 895 P.2d 20. Young also focuses on the phrase "at any time," which appears in former RCW 11.40.011, urging on us the notion that the statute allows him to bring his claim "at `every' and `all' times because Snell died within the three-year statute of limitations." Br. of Resp't at 11.
Additionally, Young relies on our previous decision in Morrison v. Hulbert, 44 Wash.2d 171, 266 P.2d 338 (1954), pointing to our statement in that case that "[i]f a claim is not barred at the time of death of the debtor, the only statute of limitation then applicable to the claim is found in the provisions of the cited probate statute of nonclaim." Morrison, 44 Wash.2d at 173, 266 P.2d 338. Young also calls attention to our previous decision in Belancsik v. Overlake Mem'l Hosp., 80 Wash.2d 111, 492 P.2d 219 (1971) where we indicated that "RCW 11.40.011 ... sets out the governing limitation period for all claims against a decedent not barred by the general statute of limitations at the time of his death, *1296 and it may have the effect either of diminishing or extending the otherwise applicable limitation period." Belancsik, 80 Wash.2d at 116, 492 P.2d 219.
The Washington State Trial Lawyers Association (WSTLA), which as amicus supports Young's position, relies on Morrison and Belancsik as well. It argues that the probate nonclaim statutes "supersede, and do not merely augment, statutes of limitations applicable during the lifetime of the decedent." Br. of Amicus Curiae WSTLA at 4. It contends further, that the probate nonclaim statutes "play a virtual `trump card' on otherwise applicable statutes." Br. of Amicus Curiae WSTLA at 6.
While the facts of Augustson are clearly similar to those in the instant case, we do not agree with the result reached by the court in that case. We agree with the Snell Estate that when the Legislature made reference in former RCW 11.40.011 to the "applicable statutes of limitation" in the context of precluding insurers from benefiting from the time limitations for filing of claims against the estate of a decedent, it was manifesting its intention to require plaintiffs to bring their lawsuits against the estate within the time provided in the statute of limitation that would have applied had the alleged tort-feasor not died prior to its expiration. We reject the notion that by subjecting claims against the estate to the statute of limitation set forth in RCW 4.16.080 we are rendering RCW 4.16.200 meaningless. RCW 4.16.200 does not, as the trial court indicated, direct one to look at the probate code for the applicable statute of limitations on a suit against a decedent's estate. Rather, it says that one is to look to the probate code for "limitations on actions." RCW 4.16.200. In our judgment, the limitations that are referred to there are the limitations on the filing of claims against an estate, which, as we have noted above, do not apply here by virtue of the provisions of former RCW 11.40.011. The reference therefore, in that statute, to the claim being subject to applicable statutes of limitation makes perfect sense. The fact that the Legislature did not define the "applicable statutes of limitation" in former RCW 11.40.011 in terms of a precise number of years lends support to our conclusion that the Legislature was not establishing a statute of limitation in the probate code but, rather, was content to make a reference back to the otherwise applicable statute of limitations.
If we were to hold otherwise, we would be required to conclude that the Legislature intended the unlikely and absurd result that there is no statute of limitations on actions such as Young's and that it used the words "applicable statutes of limitations" for no purpose. We agree with the Snell Estate that we must construe, statutes to avoid "unlikely, absurd, or strained consequences." Timberline Air Serv., Inc. v. Bell Helicopter-Textron, Inc., 125 Wash.2d 305, 317, 884 P.2d 920 (1994) (citing Ski Acres, Inc. v. Kittitas County, 118 Wash.2d 852, 857, 827 P.2d 1000 (1992)).[6] Furthermore, we agree with its contention that if the Legislature had intended that there be no statute of limitations, it would have so provided by explicit language as it has done in other instances. For example, in RCW 4.16.160 it has provided that "there shall be no limitation to actions brought in the name or for the benefit of the state...." Furthermore, in RCW 9A.04.080(1)(a) the Legislature provided that "[t]he following offenses [murder, homicide by abuse, arson where death results] may be prosecuted at any time after their commission...."
We also believe that the result advanced by Young would violate the policy we have so long adhered to that the litigation of stale claims is unfair to the defending party and undesirable to society as a whole. In that regard, in Ruth v. Dight, 75 Wash.2d 660, *1297 664, 453 P.2d 631 (1969) we said that "[n]o civilized society could lay claim to an enlightened judicial system which puts no limits on the time in which a person can be compelled to defend against claims...." See also In re Estates of Hibbard, 118 Wash.2d 737, 749, 826 P.2d 690 (1992) ("[W]e still follow the reasoning of Ruth v. Dight.").
Most significantly though, our interpretation of the former language of former RCW 11.40.011 is borne out by the plain language of that statute. See State ex rel. Royal v. Board of Yakima County Comm'rs, 123 Wash.2d 451, 458, 869 P.2d 56 (1994) (`"Where statutory language is plain and unambiguous, a statute's meaning must be derived from the wording of the statute it self'") (citations omitted) (quoting Service Employees Int'l Union, Local 6 v. Superintendent of Pub. Instruction, 104 Wash.2d 344, 348, 705 P.2d 776 (1985)). The Legislature's intent to subject claims such as Young's to the applicable statute of limitations is evidenced by the language in the statute that claims such as Young's may be filed "at any time" but "subject to applicable statutes of limitation" and that "[n]othing in this section serves to extend the applicable statute of limitations...." former RCW 11.40.011. While it may appear to some that it is unreasonable to only subject claims where insurance is involved to the three-year statute of limitations, it is not our province to question the Legislature's reasons for distinguishing such cases from cases where insurance is not involved. The plain fact is that the Legislature has expressed its intent to subject claims such as Young's to that statute of limitations and we must respect that exercise of its legislative discretion.
Even if the meaning of former RCW 11.40.011 was ambiguous, legislative history supports our interpretation. See State v. Komok, 113 Wash.2d 810, 815, 783 P.2d 1061 (1989) (review of legislative history "is appropriate where legislative intent is not apparent from the language of a statute"). When the Legislature amended former RCW 11.40.011 in 1983 to include the phrase "subject to applicable statutes of limitation," the
House Bill Report on the bill containing the amendatory language stated:
The bill exempts claims involving liability or casualty insurance from any special time limitation following the appointment of a personal representative. Such claims remain subject to the normal statutes of limitation for bringing actions.

EFFECT OF AMENDMENT: The amendment makes explicit the continued applicability of normal statutes of limitation.

House Bill Report on HB 643 (1983) (emphasis added); see also State v. Reding, 119 Wash.2d 685, 690, 835 P.2d 1019 (1992) ("In the past, this court has looked to legislative bill reports and analyses to discern the Legislature's intent."). In light of this report, it is inconceivable to us that the Legislature intended, when it enacted the version of former RCW 11.40.011, to exempt Young's claim from the applicable statute of limitations.
The cases of Morrison v. Hulbert, 44 Wash.2d 171, 266 P.2d 338 (1954) and Belancsik v. Overlake Mem'l Hosp., 80 Wash.2d 111, 492 P.2d 219 (1971) that have been cited by Young and WSTLA are of no assistance in resolving the issue before us. They were both decided long before former RCW 11.40.011 was obtained its present form and its reference to "applicable statutes of limitation." In any case, we do not quarrel with what we said in those cases to the effect that former RCW 11.40.011 established the limitation period for filing claims against a decedent's estate. That does not, however, assist us in determining if the three-year statute of limitations set forth in RCW 4.16.080(2) is applicable in a case such as this where there is liability insurance and thus, no requirement that a claim be filed with the estate of the decedent as a condition precedent to maintaining a lawsuit against the estate.[7] We are satisfied that, in such a case, it is applicable.
Finally, we take solace in the fact that there is nothing unfair or unjust about the result we reach here. The plaintiffs' claim, as we have observed, is covered by liability insurance. By subjecting the Youngs' claim *1298 to the statute of limitation that would have applied had Snell, who was the insured, not died, we are implementing the insurance contract in a way that is fair to the plaintiffs, the decedent's estate, and the insurer. This significant point was recognized by the highest court of the State of Maryland in a case with similar facts. In Greentree v. Fertitta, 338 Md. 621, 659 A.2d 1325 (1995), the Maryland Court of Appeals examined a statute of that state which resembled former RCW 11.40.011. It concluded that its Legislature intended to subject claims against a decedent's estate to the applicable statute of limitations,[8] saying:
[W]hen a claim against a decedent's estate is covered by a policy of insurance, § 8-104(e) provides that the ordinary statute of limitations applies to the claim.... Under § 8-104(e), therefore, a claim made within the limitations period generally applicable to the action is effective against the estate, where insurance coverage is available, to the extent that it would have been effective against the decedent, had he or she survived....
By making the usual statute of limitations applicable to claims covered by insurance where the insured dies before suit is filed, § 8-104(e) fully implements the contract of insurance between the insurer and the insured.
Greentree v. Fertitta, 659 A.2d at 1329-30.
In sum, we conclude that the Legislature, by making claims "subject to applicable statutes of limitation" intended that the three-year statute of limitation set forth in RCW 4.16.080(2) would apply in cases such as the instant. Our conclusion in that regard accords with the plain words of the applicable statutes and is consistent with the basic rule of statutory construction that statutes should be interpreted in a manner that best carries out the Legislature's intent and does not lead to absurd or unlikely results. The trial court's order denying the Estate's motion for summary judgment is reversed and the case is remanded for entry of an order granting summary judgment in favor of the Estate.
DOLLIVER, SMITH, GUY, MADSEN and TALMADGE, JJ., concur.
SANDERS, Justice (dissenting).
The logic of the majority would bar the valid claim of a personal injury victim against a casualty insurer while allowing the claim of every other creditor to proceed. The majority ignores the legislative scheme whereby death is governed by different rules than life; statutes of limitation govern claims against the living, but the probate code controls actions against the dead.
RCW 4.16.080 requires commencement of actions for personal injury within three years of an accident against living defendants.[1] RCW 4.16.080(2). This three-year period would have barred the Youngs' claim had Mr. Snell survived; however, Mr. Snell's death prevented the statute from running its course.
RCW 4.16.200 states, "Limitations on actions against a person who dies before the expiration of the time otherwise limited for commencement thereof are as set forth in chapter 11.40 RCW." Thus RCW 4.16.200 plainly abrogates all time limitations except those set forth in RCW 11.40.
We must examine the probate code, RCW 11.40. RCW 11.40.011 mandates all time limitations under chapter 11.40 "shall not accrue to the benefit of any liability or casualty insurer ... and such claims, subject to applicable statutes of limitation" may be filed at any time.[2]
*1299 Troubled by the text of RCW 11.40.011 which expressly disclaims any limitation period for claims against insurance companies, the majority returns on a circular path to RCW 4.16.080's three-year provision, the same statute from which it began. But this path is barred by RCW 4.16.200 which expressly states applicable limitations are exclusively set forth in RCW 11.40.
The majority would re-cross the river Styx by construing "applicable statutes of limitation" in RCW 11.40.011 to reference statutes of limitation extraneous to chapter 11.40 RCW. I agree; however, the "claim" under the probate statute is that claim which exists on the date of death. It is that claim to which the applicable three-year statute applies. The question is, therefore, was the probate claim barred when it arose by the three-year statute? If not, the claim is valid against the estate, subject only to probate periods of limitation as applicable. But none is applicable. Statutes of limitation outside RCW 11.40 do not operate to subsequently bar a claim which is otherwise valid on the date of death.
"Limitations on actions against a person who dies before the expiration of the time otherwise limited for commencement thereof are set forth in chapter 11.40 RCW." RCW 4.16.200 (emphasis added). RCW 4.16.200, entitled "Statute Tolled by Death," provides a clear directive: Chapter 11.40 exclusively governs all limitation periods applying to claims against persons who die before an otherwise applicable statute has extinguished their claim.
Not only is the majority's holding inconsistent with RCW 4.16.200's unambiguous directive, but it also undercuts the deference which should be afforded probate nonclaim statutes as comprehensive statutory schemes with exclusive and mandatory effect. See Morrison v. Hulbert, 44 Wash.2d 171, 173, 266 P.2d 338 (1954); New York Merchandise Co. v. Stout, 43 Wash.2d 825, 827, 264 P.2d 863 (1953); Judson v. Associated Meats & Seafoods, 32 Wash.App. 794, 798, 651 P.2d 222 (1982). Claims not barred against the decedent at the time of death survive and are governed solely by the probate nonclaim statutes, statutes which govern claims against the deceased. Belancsik v. Overlake Mem'l Hosp., 80 Wash.2d 111, 114, 116, 492 P.2d 219 (1971) ("[T]here can be no doubt that the probate code is an appropriate location for provisions modifying the statute of limitations for actions brought against estates.... RCW 11.40.011, like its companion nonclaim statute RCW 11.40.010, sets out the governing limitation period for all claims against a decedent not barred by the general statute of limitations at the time of death...."); Davis v. Shepard, 135 Wash. 124, 132, 237 P. 21, 41 A.L.R. 163 (1925) (Rem.Rev.Stat. § 1477 (now RCW 11.40.010) "supersedes all other statutes and of limitation, and applies to every kind of character and claim....").
In Morrison, 44 Wash.2d at 173, 266 P.2d 338, we explained:
[T]his code, in RCW 11.40.010-11.40.150 [cf. Rem.Rev.Stat. §§ 1477-1491], contains complete provisions for the filing and disposition of claims against estates.... If a claim is not barred at the time of death of the debtor, the only statute of limitation then applicable to the claim is *1300 found in the provisions of the cited probate statute of nonclaim.
Id. at 173, 266 P.2d 338 (citations omitted) (alteration in original).[3] If the Legislature intended a circular journey from the probate code for the dead to the general statute of limitations for the living, it certainly didn't say so.
The legislative history of RCW 11.40.011 also supports the view that probate claims against insurance proceeds may not be time barred. The Legislature provides longer limitation periods for claims against an estate than those afforded to inter vivos actions. RCW 11.40.010; RCW 11.40.014. The House Bill Report explained the Legislature's rationale for applying different limitation periods to claims against estates: "The current law serves no good public purpose. Plaintiffs often do not know that a defendant has died. Allowing claims covered by insurance to be made at later dates will not affect the closing of the estate in a timely manner." H. Bill Rep. on HB 643 at 2 (1983).
But under the majority's holding, the only claims against estates not necessarily provided with additional time for filing are those involving insurance proceeds. In fact, according to the majority, a claim against an insurance company could be barred while any other claim would be timely. For example, if the three-year statute in RCW 4.16.080 ran one day after the decedent's death, the claimant would have only one day under the majority's view to file a claim, rather than the additional 4 or 18 months provided in the probate code. RCW 11.40.010; RCW 11.40.014.
By the same token where a personal representative sent notice to the creditors some time after three years from the date of the accident, the majority's holding absolutely bars the claim, precluding the personal injury victim from asserting rights afforded to other creditors whose claims do not involve insurance proceeds. The majority invents a statute which provides more protection to insurance companies than estates in general and by so doing ignores RCW 4.16.200's abrogation of inter vivos statutes of limitation.
Finally, while the absence of a limitation period may seem unusual, it is by no means absurd as the majority suggests. Rather it is the natural state of things as we are firmly committed to the rule that statutes of limitation are disfavored and will not be strained to bar a claim not clearly within their scope. Leavenworth State Bank v. Beecher, 6 Wash.2d 483, 490, 108 P.2d 345 (1940) (citing Paul v. Kohler & Chase, 82 Wash. 257, 261-62, 144 P. 64 (1914)). See also Rochester v. Tulp, 54 Wash.2d 71, 74, 337 P.2d 1062 (1959) ("The statute of limitations, although not an unconscionable defense, is not such a meritorious defense that either the law or the facts should be strained in aid of it.").
Allowing suits for insurance proceeds at "any time" does not defeat the purpose behind limitation periods on claims against estates. Such limitation periods promote "early and final settlement of estates so that those entitled may receive the property free from incumbrances...." Davis, 135 Wash. at 131-32, 237 P. 21. By construing RCW 11.40.011 to impose no time bar against claims for insurance proceeds, a claimant would not be attaching the proceeds of a probated and closed estate nor would beneficiaries be forced to return assets already distributed. RCW 11.40.011. Nor would payment to other creditors of estate funds be delayed. A subsequent action for insurance proceeds does not affect settlement of the estate, impair the interest of heirs, nor defeat the interest of other creditors. RCW 11.40.011 ("[c]laims may be served and filed as herein provided, notwithstanding the conclusion of any probate proceedings ... such claims shall not ... delay or prevent the conclusion of probate proceedings....") The Legislature's wisdom should not be so lightly discarded.
While statutes of limitation may serve a legitimate purpose, the issue of whether to impose a time period rests with the Legislature, not this court. See Fritz v. Gorton, 83 Wash.2d 275, 283, 517 P.2d 911 (1974); City of Port Townsend v. Eisenbeis, 28 Wash. 533, 536-37, 68 P. 1045 (1902). Even where the *1301 Legislature inadvertently fails to provide a limitation period, we may not correct the legislative mistake. See Vita Food Prods., Inc. v. State, 91 Wash.2d 132, 134, 587 P.2d 535 (1978); Salstrom's Vehicles, Inc. v. Department of Motor Vehicles, 87 Wash.2d 686, 692-93, 555 P.2d 1361 (1976); State ex rel. Hagan v. Chinook Hotel, Inc., 65 Wash.2d 573, 579, 399 P.2d 8 (1965). Courts should not create legislation in the guise of interpreting it. Associated Gen. Contractors v. King County, 124 Wash.2d 855, 865, 881 P.2d 996 (1994). "[W]e must adopt the plain meaning of a statute, however severe the consequences." Jay v. Boyd, 351 U.S. 345, 357, 76 S.Ct. 919, 926, 100 L.Ed. 1242 (1956). See also Jepson v. Department of Labor & Indus., 89 Wash.2d 394, 403, 573 P.2d 10 (1977).
RCW 11.40.011 does not time bar otherwise valid claims (not barred by the applicable statute of limitation on the date of death) against a liability or casualty insurer. This court is in no position to overrule the Legislature's thoughtful solution which refuses to artificially bar the right of an injured victim to receive just compensation. I dissent.
JOHNSON, J., concurring.
NOTES
[1] RCW 4.16.080 states:

"Actions limited to three years. The following actions shall be commenced within three years:
". . . .
"(2) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated[.]"
[2] There is a difference between a "claim" presented by creditors of a decedent's estate and actions at law against a decedent's estate. The filing a "claim" against the estate is generally a condition precedent to maintaining a lawsuit against the estate. RCW 11.40.080 ("No holder of any claim against a decedent shall maintain an action thereon, unless the claim shall have been first presented as provided in this chapter.").
[3] Clearly, the four-month time limitation in RCW 11.40.010 has no application because no notice of Snell's death was ever given by a personal representative of Snell's estate.
[4] By use of the term "former" we indicate that RCW 11.40.011 and RCW 11.40.014 have both been repealed. Laws of 1997, ch. 252, § 87. Those former statutes have application here, however, as this case arose while they were in effect. For ease of understanding, we refer to them throughout as though they were still in effect.
[5] RCW 4.16.170 provides, in pertinent part: "If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If, following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute...."
[6] Three years prior to its decision in Augustson, Division One of the Court of Appeals decided Geschwind v. Flanagan, 65 Wash.App. 207, 828 P.2d 603 (1992), aff'd in part, rev'd in part, 121 Wash.2d 833, 854 P.2d 1061 (1993). It held there that "[t]he time period for filing a claim against an estate when a liability or casualty insurance policy is available to pay the claim is the same as the statute of limitations." Geschwind, 65 Wash.App. at 214-15, 828 P.2d 603. In Augustson, the court distinguished Geschwind on the grounds that under the facts in Geschwind the court was not required to consider RCW 4.16.200. Augustson, 77 Wash.App. at 927 n. 2, 895 P.2d 20.
[6] In dissent, Justice Sanders asserts that "while the absence of a limitation period may seem unusual, it is by no means absurd as the majority suggests. Rather it is the natural state of things...." Dissenting op. at 1300. The dissent seemingly suggests that the majority opinion will lead to absurd results, Justice Sanders pointing out that if the three-year statute of limitations in RCW 4.16.080 ran one day after the decedent's death, the claimant would only have one day within which to file a claim. Dissenting op. at 1300. That circumstance may sound harsh when described that way, but it overlooks the fact that the plaintiff in the hypothetical case would have had two years plus 364 days within which to perfect a claim against the alleged tort-feasor.
[7] Young apparently concedes that the three-year statute of limitations is applicable to suits against estates where liability insurance is not involved. It makes little sense to us that the statute of limitation set forth in RCW 4.16.080(2) applies in that instance but not in instances where liability insurance is involved.
[8] The Maryland statute reads: "If the decedent was covered by a liability insurance policy which at the time the action is instituted provides insurance coverage for the occurrence, then, notwithstanding the other provisions of this section, an action against the estate may be instituted after the expiration of the time designated in this section, but within the period of limitations generally applicable to such actions." MD.CODE ANN., EST. & TRUSTS § 8-104(e) (Repl.Vol.1991 & Supp. 1996) (emphasis added).
[1] RCW 4.16.080 states in pertinent part:

The following actions shall be commenced within three years:
(1). . . .
(2) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated....
[2] RCW 11.40.011 states:

Service and filing of claims involving liability or casualty insuranceLimitations. The time limitations under this chapter for serving and filing of claims shall not accrue to the benefit of any liability or casualty insurer as to claims against the deceased and/or the marital community of which the deceased was a member and such claims, subject to applicable statutes of limitation, may at any time be:
(1) Served on the personal representative, or the attorney for the estate; or
(2) If the personal representative shall have been discharged, then the claimant as a creditor may cause a new personal representative to be appointed and the estate to be reopened in which case service may be had upon the new personal representative or his attorney of record.
Claims may be served and filed as herein provided, notwithstanding the conclusion of any probate proceedings: PROVIDED, That the amount of recovery under such claims shall not exceed the amount of applicable insurance coverages and proceeds: AND PROVIDED FURTHER, That such claims so served and filed shall not constitute a cloud or lien upon the title to the assets of the estate under probate nor delay or prevent the conclusion of probate proceedings or the transfer or distribution of assets of the estate subject to such probate. Nothing in this section serves to extend the applicable statute of limitations regardless of the appointment or failure to have appointed a personal representative for an estate.
(Emphasis added.)
[3] The majority attempts to distinguish Morrison and Belancsik because the phrase "subject to the applicable statutes of limitation" had not yet been adopted by the Legislature when those cases were decided. Morrison and Belancsik nevertheless stand for the proposition that probate nonclaim statutes are comprehensive statutory schemes.