[No. 71238-7.   En Banc.]

Argued February 12, 2002.   Decided March 28, 2002.

GREG WAGG, *Respondent*, v. ESTATE OF BARD A. DUNHAM, ET AL., *Petitioners*.

*Jeffrey T. Sperline* (of *Rettig, Osborne, Forgette, O'Donnell, Iller & Adamson, L.L.P.*), for petitioners.

*James M. Danielson* and *Kari D. Kube* (of *Jeffers, Danielson, Sonn & Aylward, P.S.*), for respondent.

IRELAND, J. — Petitioner Estate of Bard Dunham seeks review of a Court of Appeals decision affirming summary judgment dismissal of a creditor's claim against the estate and reversing summary judgment dismissal of a personal injury action covered by the decedent's liability insurance policy. We find that a personal injury suit properly com-

menced within the statute of limitations, and which is to be satisfied solely from insurance proceeds, is controlled by former RCW 11.40.011 (1989)[1] and is not subject to a time limitation for the filing of a claim against the estate.

## FACTS

On May 30, 1996, Bard Dunham and Greg Wagg were involved in a motor vehicle accident on Washington State Route 97. The accident caused Dunham's immediate death. Wagg survived, but claims he sustained severe personal injuries. Wagg alleges Dunham, a high school student, fell asleep while driving, crossed the center line of the road, and collided head-on with the dump truck Wagg was driving. Dunham died without a will. His vehicle was covered by an automobile liability insurance policy.

## PROCEDURAL HISTORY

On February 12, 1999, pursuant to RCW 11.28.120,[2] Wagg filed a petition for letters of administration in Okanogan County, requesting the appointment of Thomas Benner as personal representative of the estate for the sole purpose of resolving Wagg's personal injury claims. On May 7, 1999, the court opened Dunham's estate and appointed Benner as personal representative.

On May 11, 1999, Wagg filed a personal injury lawsuit against the estate in Okanogan County Superior Court. Wagg mailed a copy of the summons and complaint to Dunham's parents on May 13, 1999, along with a letter advising them that his intent was to preserve the claim against the decedent's insurance company for the May 30,

---

[1] *Repealed by* LAWS OF 1997, ch. 252, § 87.

[2] RCW 11.28.120 provides:

Administration of an estate if the decedent died intestate . . . shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled in the following order:

. . . .

(6) One or more of the principal creditors.

1996 collision. Wagg served the summons and complaint on Benner, the personal representative, on May 18, 1999. Service was perfected when Benner acknowledged service on June 16, 1999.

In its answer to complaint, filed on June 28, 1999, the estate asserted an affirmative defense (among others) that Wagg was precluded from proceeding with his lawsuit due to his failure to properly serve a creditor's claim. Another affirmative defense claimed the suit was barred by the statute of limitations. In apparent response, Wagg served a creditor's claim on Benner on July 2, 1999. The claim description acknowledged that the "claim is contingent upon the outcome of . . . *Wagg v. Dunham*," and that "[a]ny verdict would be recovered from insurance policy proceeds." Clerk's Papers at 24-25.

On September 15, 1999, the estate moved for summary judgment of dismissal of the personal injury suit. The estate argued that former RCW 11.40.080 (1994) required Wagg to file a creditor's claim *before* filing his lawsuit. Because he filed the suit prior to filing a creditor's claim, the estate claimed Wagg's service of the suit on the estate was premature, the filing was void and ineffective and, therefore, the suit was barred by the statute of limitations.

On October 6, 1999, Benner filed a notice to creditors with the county clerk's office as required under RCW 11.40.020. On October 18, 1999, Wagg filed a revised creditor's claim, which amended his earlier claim to request any applicable insurance policy proceeds available.

The trial court granted the estate's summary judgment motion against Wagg on April 10, 2000. Wagg filed a motion for reconsideration urging the trial court to reconsider his lawsuit and to limit claims therein to those available through the decedent's insurance policy. Wagg argued that if his creditor's claim against the estate failed, his personal injury suit should survive under the nonclaim statutes, former RCW 11.40.011 and RCW 11.42.030. The motion was denied on March 17, 2000.

Wagg timely appealed denial of the motion to reconsider to Division Three of the Court of Appeals. On review, the Court of Appeals affirmed dismissal of Wagg's creditor's claim against the estate, but reversed the dismissal of Wagg's personal injury action. *Wagg v. Estate of Dunham*, 107 Wn. App. 35, 37, 26 P.3d 287 (2001). The court held that the lawsuit was timely commenced within the statute of limitations, and "[s]o long as that lawsuit is limited to damages covered by Mr. Dunham's liability insurance, Mr. Wagg's service of a creditor's claim after filing the lawsuit in superior court does not bar litigation of the personal injury claim." *Id.* at 42.

## ISSUE

Whether a personal injury action filed within the statute of limitations against a decedent's estate, which is to be satisfied solely from a decedent's liability or casualty insurance, is exempt from chapter 11.40 RCW creditor claims time requirements.

## ANALYSIS

### Standard of Review

The standard applied to review of a trial court's order granting summary judgment is de novo. *CLEAN v. City of Spokane*, 133 Wn.2d 455, 462, 947 P.2d 1169 (1997). Here, the material facts are undisputed by the parties; therefore, this case is "ripe for summary judgment." *Young v. Estate of Snell*, 134 Wn.2d 267, 271, 948 P.2d 1291 (1997). To determine whether summary judgment dismissal of the creditor's claims and the personal injury action was appropriate, all evidence and reasonable inferences are viewed in the light most favorable to the nonmoving party. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). If there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. CR 56(c).

■ Under the facts of this case, a determination of whether the moving party is entitled to judgment as a matter of law depends on our interpretation of chapter 11.40 RCW. Because this inquiry requires us to engage in statutory construction, the standard of review is de novo. *Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 807, 16 P.3d 583 (2001).

## Provisions of Controlling Statutes

### Statute of Limitations

RCW 4.16.080(2) specifies that personal injury claims are subject to a three-year statute of limitations. When parties seek to recover damages against a deceased person, RCW 4.16.200 specifies that "[l]imitations on actions against a person who dies before the expiration of the time otherwise limited for commencement thereof are as set forth in chapter 11.40 RCW."

### Creditor's Claims—Against Estate

Chapter 11.40 RCW governs claims against estates. Former RCW 11.40.010 (1995),[3] concerning notice to creditors, provides:

> Every personal representative shall, after appointment and qualification, give a notice to the creditors of the deceased, stating such appointment and qualification as personal representative and *requiring all persons having claims against the deceased to serve the same on the personal representative* or the estate's attorney of record, and file an executed copy thereof with the clerk of the court, *within four months after the date of the first publication of such notice* described in this section or within four months after the date of the filing of the copy of such notice with the clerk of the court, whichever is the later, or within the time otherwise provided in RCW 11.40.013. The four-month time period after the later of the date of the first publication of the notice to creditors or the date of the filing of such notice with the clerk of the court is referred to in this

---

[3] Although chapter 11.40 RCW was amended in 1997, the amendments apply only to estates in which the decedent died after December 31, 1997. Wagg's claim for personal injury arose from an auto accident with Dunham on May 30, 1996. Dunham died that same day. The former version of chapter 11.40 RCW governs this case.

chapter as the "four-month time limitation." Such notice shall be given as follows:

(1) The personal representative shall give actual notice, as provided in RCW 11.40.013, to such creditors who become known to the personal representative within such four-month time limitation;

. . . .

Except as otherwise provided in RCW 11.40.011 or 11.40.013, any claim not filed within the four-month time limitation shall be forever barred, *if not already barred by any otherwise applicable statute of limitations. This bar is effective as to claims against both the decedent's probate assets and non-probate assets* as described in RCW 11.18.200.

(Emphasis added.)

Former RCW 11.40.014 (1989)[4] provides:

*Whether or not notice under RCW 11.40.010 has been given or should have been given,* any person having a claim against the decedent who has not filed a claim within eighteen months from the date of the decedent's death shall be forever barred from making a claim against the decedent, or commencing an action against the decedent, *if such claim or action is not already barred by any otherwise applicable statute of limitation[s].* However, this eighteen-month limitation does not apply (1) to claims described in RCW 11.40.011, (2) to any claims where the personal representative has not given the actual notice described in RCW 11.40.010(1) . . . or (3) to any claims where no personal representative has been appointed within twelve months after the date of death.

(Emphasis added.)

Creditor's Claim—Insurance Proceeds

Where liability or casualty insurance is involved, former RCW 11.40.011 provides:

The time limitations under this chapter for serving and filing of claims shall not accrue to the benefit of any liability or casualty insurer as to claims against the deceased . . . and such

---

[4] *Repealed by* LAWS OF 1997, ch. 252, § 87.

claims, *subject to applicable statutes of limitation,* may at any time be:

(1) Served on the personal representative, or the attorney for the estate;

. . . .

Claims may be served and filed as herein provided, notwithstanding the conclusion of any probate proceedings: *PROVIDED, That the amount of recovery under such claims shall not exceed the amount of applicable insurance coverages and proceeds*: AND PROVIDED FURTHER, That such claims so served and filed shall not constitute a cloud or lien upon the title to the assets of the estate under probate nor delay or prevent the conclusion of probate proceedings or the transfer or distribution of assets of the estate subject to such probate. *Nothing in this section serves to extend the applicable statute of limitations* regardless of the appointment *or failure* to have appointed a personal representative for an estate.

(Emphasis added.)

Outlawed Claims

Former RCW 11.40.070 (1965) provides:

No claim shall be allowed by the personal representative or court which is barred by the statute of limitations.

Claims Must Be Presented

Former RCW 11.40.080 (1996) provides:

No holder of any claim against a decedent shall *maintain an action* thereon, *unless* the claim shall have been first presented *as provided in this chapter.*

(Emphasis added.)

Application of Authority

Action Timely Filed

Wagg's personal injury action, which arose from a May 30, 1996 motor vehicle accident, was filed in superior court on May 11, 1999. RCW 4.16.170 enables parties to toll the statute of limitations by filing a lawsuit within the applicable limitations period and effectuating service within 90 days of filing. Notwithstanding any time limitation imposed

by the probate statute, Wagg was required to serve his lawsuit on the estate on or before August 9, 1999. Wagg perfected service on Benner on June 16, 1999. Wagg's personal injury lawsuit was commenced timely. Therefore, there is no issue in this case of an outlawed claim under former RCW 11.40.070.

Action Against Estate

Wagg did not cross-appeal the determination of the Court of Appeals that the action against the estate was properly dismissed. Therefore, that issue is not before this court.

Action Against Insurance Proceeds

█ █ Former RCW 11.40.011 provides that the time limitations for serving and filing of claims under chapter 11.40 RCW

> shall not accrue to the benefit of any liability or casualty insurer as to claims against the deceased . . . and such claims, subject to the applicable statutes of limitation, may *at any time* be:
>
> (1) Served on the personal representative, or the attorney for the estate[.]

(Emphasis added.)

It is clear that this statute excuses from the time requirements of filing claims, suits where the amount of the recovery exceeds "the amount of applicable insurance coverage and proceeds."

The relationship between the statute of limitations and the time limitations for filing claims against an estate are illustrated by *Young v. Estate of Snell*. William Young was injured in an auto accident, allegedly caused by Rex Snell, on August 29, 1991. Defendant Snell died from causes unrelated to the automobile accident. Plaintiff Young filed a complaint within three years of the accident, but failed to perfect service on Snell's estate within the tolling period of 90 days of filing. He had a personal representative appointed to the Snell estate and filed an amended complaint, naming the estate as a defendant in February 1995, well

beyond the tolling period. The *Young* court held that claims brought under former RCW 11.40.011 are subject to the statute of limitations which would otherwise have applied had the tort-feasor survived the action.

In *Young*, the court found that the claims limitations provided in former RCW 11.40.011 do not apply where the suit seeks to recover from insurance proceeds only. "In our judgment, the limitations that are referred to [in RCW 4.16.200] are the limitations on the filing of claims against an estate, which . . . do not apply here by virtue of the provisions of former RCW 11.40.011." *Young*, 134 Wn.2d at 278.

The *Young* court traced the legislative history of former RCW 11.40.011:

> When the Legislature amended former RCW 11.40.011 in 1983 to include the phrase "subject to applicable statutes of limitation," the House Bill Report on the bill containing the amendatory language stated:
>
> > The bill exempts claims involving liability or casualty insurance from any special time limitation following the appointment of a personal representative. *Such claims remain subject to the normal statutes of limitation for bringing actions.*
> >
> > EFFECT OF AMENDMENT: The amendment *makes explicit the continued applicability of normal statutes of limitation.*

*Young*, 134 Wn.2d at 280.

Dunham's estate contends that these statements in *Young* are mere dicta and do not bind this court. Br. of Resp't at 12. However, an examination of the repeated references shows that determining what was meant by the phrase "the time limitations under this chapter for serving and filing of claims" was integral to the *Young* court's determination of the applicability of the statute of limitations. For example, the *Young* court stated:

> [Precedent] does not . . . assist us in determining if the three-year statute of limitations set forth in RCW 4.16.080(2) is applicable in a case such as this where there is liability

insurance and thus, no requirement that a claim be filed with the estate of the decedent as a condition precedent to maintaining a lawsuit against the estate. We are satisfied that, in such a case, it is applicable.

*Id.* at 280-81 (footnote omitted).

Given the relationship between these provisions, the holding that there is no requirement to file a claim where there is liability insurance is not dicta, but rather is essential to the statute of limitations decision of the case.

Notwithstanding the holding in *Young*, Dunham's estate asserts that former RCW 11.40.080 trumps former RCW 11.40.011 when it provides that "[no] holder of any claim against a decedent shall maintain an action thereon, unless the claim shall have been first presented as provided in this chapter." Dunham's estate claims that in order to file a lawsuit, Wagg would have been required to present a claim to the estate prior to May 30, 1999 (three years after the date of the accident).

Dunham's argument requires that we construe former RCW 11.40.080 in relation to RCW 4.16.170 and former RCW 11.40.010. In *State v. Wright*, we reaffirmed a long-standing rule for the interpretation of statutory provisos: "[A] proviso in a statute must be construed in the light of the body of the statute, and in such a manner as to carry out the legislature's intent as manifested by the entire act and laws in pari materia therewith." 84 Wn.2d 645, 652, 529 P.2d 453 (1974).

The construction proposed by Dunham's estate is untenable because it overlooks the importance of the italicized words in the phrase "unless the claim shall have been first presented *as provided in this chapter.*" Former RCW 11.40.080 (emphasis added). Former RCW 11.40.011 is in the same chapter as RCW 11.40.080. Therefore, the provisions of RCW 11.40.080 do not trump RCW 11.40.011, but should be read in conjunction with it. Since former RCW 11.40.080 exempts the time limits for filing of claims *under this chapter*, it is clear that it controls where the suit is to

be satisfied from insurance proceeds rather than from the estate.

## CONCLUSION

Wagg filed his complaint within three years of the accident, tolling the statute of limitations. Within the 90-day tolling period, he served the estate. He filed a creditor's claim. Wagg seeks no recovery against the estate. Rather, he seeks recovery solely against the insurance available to Dunham. His action clearly falls within RCW 11.40.011, which provides that the time limits for serving and filing of claims under chapter 11.40 RCW do not inure to the benefit of an insurer. Wagg commenced his action within the statute of limitations and was not required to file a creditor's claim within any particular time in order to recover against the insurance policies.

We affirm the Court of Appeals and remand to the trial court. Judgment, if any, on the personal injury suit shall be solely recoverable from insurance proceeds.

ALEXANDER, C.J., and SMITH, JOHNSON, MADSEN, SANDERS, BRIDGE, CHAMBERS, and OWENS, JJ., concur.